Matthias, J.
 

 The question the answer to which is determinative of this case is whether the deposition taken by the defendant as upon cross-examination in the action instituted by the decedent in his lifetime to
 
 *596
 
 recover damages for injury alleged to have been caused by the negligence of the defendant, which action was settled and dismissed, is admissible in an action subsequently brought by the administratrix against the same defendant to recover damages for the wrongful death of the decedent alleged to have resulted from such injuries.
 

 In this state the taking of the testimony of witnesses by deposition is authorized and regulated by statute, and the right to use depositions depends upon the existence, at the time they are offered in evidence at the trial, of one of the grounds of admissibility prescribed by statute. 14 Ohio Jurisprudence, 8, 10, Sections 3, 5. Among other requirements precedent to the taking of a deposition is the giving of a written notice thereof to the adverse party which “shall specify the action or proceeding, the name of the court or tribunal in which the deposition is to be used, and the time when and place where it will be taken.” (Section 11534, General Code.)
 

 The deposition so taken must be sealed in an envelope endorsed with the
 
 title of the cause
 
 and transmitted to the clerk-of the court wherein the action or proceeding is pending. (Section 11538, General Code.)
 

 The use to be made of such deposition is expressly prescribed by the provisions of Section 11540, General Code. That section authorizes the reading of the deposition at any stage of the action or proceeding in which taken “or in any other action or proceeding upon the same matter between the same parties.”
 

 Is this action, which was instituted by the administratrix of the estate of Edward B. Gorman, deceased, to recover damages for the wrongful death of decedent, an action “upon the same matter between the same parties” as that which had been instituted by Edward B. Gorman himself to recover damages for the injuries ultimately resulting in his death, and which
 
 *597
 
 action, long prior to the beginning of this suit, had been settled and dismissed?
 

 In the consideration and determination of this question, the decisions of this court in the cases of
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Van Alstine, Admr.,
 
 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893; and
 
 May Coal Co.
 
 v.
 
 Robinette, Admr.,
 
 120 Ohio St., 110, 165 N. E., 576, 64 A. L. R., 441, and the reasoning of the court upon which such decisions were based are persuasive if not conclusive of the question presented in this case.
 

 In the
 
 Van Alstine case,
 
 as here, action had been brought by the person injured, but the plaintiff died during the pendency of the suit and the action was revived'by his administrator. The trial resulted in a judgment which was satisfied. In an action thereafter brought by the administrator on behalf of the nest of kin to recover for the wrongful death of Van Alstine, the previous judgment was pleaded as
 
 res judicata.
 

 In the
 
 Robinette case,
 
 both actions were instituted by the administrator; one for damages for the benefit of the decedent’s estate, for personal injuries and property damage sustained by the decedent in an automobile accident; the other, under favor of Section 10770 (now Section 10509-166)
 
 et seq.,
 
 General Code, to recover damages for the alleged wrongful death of the decedent, for the benefit of the next of kin.
 

 This court held in each instance that the two actions were brought and maintained under separate and independent rights and that recovery and satisfaction in the one action were not a bar to recovery in the other.
 

 It must be conceded, as observed in the opinions in those cases, that there is considerable conflict in the decisions rrpon this question in various jurisdictions. In many instances, however, the conflict is more apparent than real, for the seeming conflict arises from differences in the statutory provisions of the various states governing such proceedings.
 

 
 *598
 
 It has been well urged that if this suit is another action “upon the same matter between the same parties” upon the theory that the plaintiff in this action is in privity with and successor to the decedent, Edward B. Gorman, then the plaintiff is bound by the settlement and dismissal of the former case; and that if, on the other hand, the application of the doctrine of
 
 res judicata
 
 is to be evaded by the claim that this suit arises as an independent right of action for the next of kin based upon the wrongful death statute, then it must follow, under the principle announced in the
 
 Van Alstine
 
 and
 
 Robinette cases,
 
 that the two actions are not between the same parties.
 

 As previously observed, the admissibility of depositions in evidence upon the trial of a case is a matter generally of statutory regulation and control. It is stated in 20 American Jurisprudence, 579:
 

 “In many jurisdictions statutes have been enacted which provide for and regulate the reproduction of testimony given upon a former trial. These requirements vary, of course, in the different jurisdictions, and it is essential, therefore, that one- desiring to use such testimony examine carefully the provisions of the local statutes, for where admissibility of evidence given upon a former trial is regulated by statute, the testimony cannot be reproduced unless the requirements of the statute are substantially complied with.”
 

 Section 11540, General Code, previously referred to, has been in effect since 1853. There was no modification of or exception to the general rule therein stated until 1913, when Section 11540-1, General Code, was enacted. It reads as follows:
 

 “Depositions taken by the plaintiff in an action for damages for personal injuries may be read by the administrator or executor of the estate of the plaintiff in
 
 *599
 
 such action for personal injuries against the same defendant or defendants,'in any action for damages or wrongfully caused death resulting from the same personal injuries, so far as such depositions may be relevant to the issues in the action for damages or wrongfully caused death.”
 

 By the clear and specific terms of that section the exception thus provided authorizes the use only of “depositions taken by the plaintiff.” Such express limitation evidences a very definite, purpose to exclude the use of depositions other than the “depositions taken by the plaintiff.”
 

 To consti'ue those statutory provisions otherwise would not only enlarge and extend the exception beyond that authorized by the legislation, but, by giving it a meaning and application in clear conflict with the evident purpose of its enactment, would in effect constitute a judicial amendment of the statute itself.
 

 If depositions taken by the defendant in the former action are admissible in evidence in the subsequent action upon offer by the plaintiff, they could not consistently be rejected if offered by the defendant.
 

 This case is readily distinguishable from that of
 
 Industrial Commission
 
 v.
 
 Bartholome, 128
 
 Ohio St., 13, 190 N. E., 193, a proceeding under the workmen’s compensation law, where, under the liberal provisions of those statutes, a transcript of a claimant’s testimony upon rehearing of his claim for compensation was held admissible in a consideration of a subsequent claim of dependents for death award.
 

 It is now conceded by counsel for plaintiff that the only issue involved in this case is the admissibility of the deposition in question and that unless plaintiff has the benefit thereof, “she must fail in her present action. ’ ’
 

 
 *600
 
 We are of the opinion that the Court of Common Pleas ruled correctly in excluding the deposition from consideration and in directing a verdict for the' defendant. It follows that the judgment of the Court of Appeals should be and is hereby reversed and the judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Turner and Hart, JJ., concur.