LYONS, APPELLEE, *v.* LYONS, APPELLANT.

(No. 38915—Decided June 16, 1965.)

Messrs. *Biddle, Rader & Matthews* and *Mr. A. Robert Matthews,* for appellee.

Messrs. *Eastman, Stichter, Smith & Bergman, Mr. Jamille G. Jamra* and *Mr. Richard E. Antonini,* for appellant.

O'NEILL, J. The question presented is whether one spouse may maintain an action for personal injuries resulting from the negligence of the other spouse, where the parties were married and living together as husband and wife at the time of the alleged injury.

It is claimed by appellant that the law to be applied in this case is the law of Arizona, the domicile of the parties at the time the action was brought. However, it is well settled that the substantive law of the place where the injury occurs is applicable. *Collins* v. *McClure*, 143 Ohio St. 569, 571; *Freas* v. *Sullivan*, 130 Ohio St. 486; *Alexander* v. *Pennsylvania Co.*, 48 Ohio St. 623. It is also well settled that the procedural law of the forum is applicable. Ohio is both the place of injury and the forum state. *Freas* v. *Sullivan, supra.*

Further, the applicable law of Arizona was not pleaded and is presumed to be the same as the law of the forum. 15 Corpus Juris Secundum 847 to 851, Conflict of Laws, Section 3, paragraph g; *State, ex rel. Safeguard Ins. Co.,* v. *Vorys, Supt.,* 171 Ohio St. 109; *Mendelson* v. *Mendelson,* 123 Ohio St. 11. See, also, Sections 2317.08, 2317.09, 2317.44, 2317.45 and 2317.46, Revised Code.

At common law, a married woman lacks capacity to sue or be sued in her own name. This rule has been changed by statute in Ohio. Sections 2307.09 and 2323.09, Revised Code; *Damm* v. *Elyria Lodge No. 465, Benevolent Protective Order of Elks,* 158 Ohio St. 107. These statutes, however, do not remove *all* common-law immunities and disabilities as between spouses.

The public policy of this state is to promote marital harmony. Encouraging litigious spouses tends to foster marital disharmony. If a husband and wife are free to sue each other for real or fancied wrongs, this will place an additional burden upon the marriage relationship, and the home may well be split apart by the adversary roles which the spouses will be required to assume. *Thompson* v. *Thompson* (1910), 218 U. S. 611; *Rubalcava* v. *Gisseman* (1963), 14 Utah 2d 344, 384 P. 2d 389; *Goode* v. *Martinis* (1961), 58 Wash. 2d 229, 361 P. 2d 941; *Campbell* v. *Campbell* (1960), 145 W. Va. 245, 114 S. E. 2d 406.

Likewise, it is the public policy of this state to prevent fraud and collusion.

There is the real danger of fraud or collusion between the spouses in such suits against each other, where insurance is involved. Such suits encourage raids upon insurance companies. See dissenting opinion of Chief Justice Sims in *Brown v. Gosser* (Ky. 1953), 262 S. W. 2d 480, 485.

It is argued that the task of weeding out fraudulent or collusive suits is properly within the sphere of courts and juries.

In truly adversary cases, fraud is likely to be uncovered because of the desire of the defendant to avoid the loss. Where insurance is involved, the risk of loss is removed, and both spouses stand to gain from a decision adverse to the defendant. This creates a strong inducement to trump up claims and conceal possible defenses. *Smith* v. *Smith* (1955), 205 Ore. 286, 287 P. 2d 572.

This court is aware that a number of jurisdictions allow such a suit as is before this court. See, *e. g., Penton* v. *Penton* (1931), 223 Ala. 282, 135 So. 481; *Klein* v. *Klein* (1962), 58 Cal. 2d 692, 376 P. 2d 70; *Overlock* v. *Ruedemann* (1960), 147 Conn. 649, 165 A. 2d 335; *Lorang* v. *Hays* (1949), 69 Idaho 440, 209 P. 2d 733; *Brown* v. *Gosser, supra.*

The Court of Appeals and appellee herein rely upon the case of *Damm* v. *Elyria Lodge, supra.* The question here presented was not before the court in that case. There the question was: " 'May the wife of a deceased member of a voluntary unincorporated association maintain an action in tort against the association for a tort committed against her during her husband's lifetime?' " In the *Damm case*, there was not the danger of marital disharmony which this case presents, since the member spouse had died, and since the lodge was an impersonal organization. There was not the danger of collusion, since the member spouse had no opportunity to control the defense of the suit, and there was ample assurance, from the nature of the parties involved, that the suit would be conducted in an adversary manner. Further, there was authority for allowing suit in tort by a member of the immediate family against an unincorporated association with which another member of the family, who would ordinarily be immune from suit,

was associated. *Signs* v. *Signs,* 156 Ohio St. 566. See, also, *Poepping* v. *Lindemann* (1964), 268 Minn. 30, 127 N. W. 2d 512.

The focus of the *Damm case* was not whether a wife could sue her husband in tort, although that was discussed at great length. The focus of the case was upon allowing suit against an unincorporated association by one who, but for the concepts of personal immunity from a suit between spouses and the disability of a member to sue the organization, would have been prevented from recovering for an injury which was not in any logical sense committed by her husband. See *Koogler et al., Trustees,* v. *Koogler,* 127 Ohio St. 57.

A distinction may be drawn between suits against unincorporated associations to which members of the family belong and suits by members of a family against other members of the family. A husband and wife have reciprocal duties of support under Section 3103.01, Revised Code, and parents have the duty to maintain and support their children under Section 3109.05, Revised Code. An organization has no such obligation and stands in a different relationship to those whom it injures from a member of a family who is charged with continued support and maintenance. The duty of support replaces the duty of compensation for injuries sustained by one because of the negligence of the other.

In both the *Damm case, supra,* and the *Signs case, supra,* there is language which, if it were written into the syllabus in a proper case, would require the court to hold that one spouse may maintain a suit in negligence against the other. However, the syllabus of a case is the law of Ohio.

This court, although following the syllabi of the above-cited cases, does not agree entirely with all the reasoning set forth in the opinions. At that time, such reasoning may have been necessary to reach a desirable result. However, since the enactment of Chapter 1745, Revised Code, such reasoning is unnecessary. *Marsh* v. *General Grievance Committee,* 1 Ohio St. 2d 165; *Miazga* v. *International Union of Operating Engineers,* 2 Ohio St. 2d 49.

This court is not convinced that a useful purpose would be served in overthrowing the rule of interspousal immunity

from suit so well established in a majority of jurisdictions in this country. If there is to be a change in the public policy of the state in this regard, it should come from the General Assembly. *Saunders, Admr., v. Hill, Admr.* (Del. 1964), 202 A. 2d 807; *Ensminger* v. *Ensminger* (1955), 222 Miss. 799, 77 So. 2d 308; *Brawner* v. *Brawner* (Mo. 1959), 327 S. W. 2d 808, 813, certiorari denied (1960), 361 U. S. 964; *Smith* v. *Smith, supra; Castellucci* v. *Castellucci* (R. I. 1963), 188 A. 2d 467.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.