MARKLEY *v.* CLOSSON.

[Cite as Markley v. Closson (1970), 25 Ohio Misc. 87.]

(No. 43664—Decided September 10, 1970.)

Common Pleas Court of Richland County.

*Mr. John J. Rinehardt,* for plaintiff.
*Mr. Robert L. Ross,* for defendant.

MAYER, J. This cause came on to be heard on the motion of the defendant for an order dismissing the complaint and for entry of summary judgment and is made on the grounds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law as shown by the pleadings and answers to interrogatories served and filed herein. The matter was argued by counsel and submitted to this court on September 4, 1970.

This is an action for negligence. The accident occurred on Sunday, March 26, 1967. The plaintiff was walking across the entranceway to the Park Lanes Bowling Alley when he was hit by an automobile operated by the defendant, Joyce Lynn Closson. The parties were married on November 10, 1966. They remained married until April 10, 1967, when the marriage was terminated by divorce. The dates, including that of the accident on March 26,

1967, are important in view of the fact that defendant grounds his argument upon the contention that to permit such an action would be contrary to the public policy of Ohio. True, when the cause of action arose the parties were husband and wife. However, in the instant case, there are some other facts and circumstances which are highly relevant when we discuss the subject of public policy. Prior to the date of the alleged accident the parties had a divorce proceeding pending. A temporary order was issued enjoining the defendant, who is the plaintiff in this case, from molesting or interfering with her in any manner. Although married, the parties were not living together at the time of the alleged injury. Separation continued until the divorce was heard on its merits some days later.

Plaintiff filed the instant action on March 21, 1969. Following the divorce, and before the filing of the instant action, the defendant herein remarried. And plaintiff also remarried.

Counsel for the defendant puts much emphasis on the case of *Lyons* v. *Lyons*, 2 Ohio St. 2d 243, decided in 1965. The syllabus is as follows:

"A spouse may not maintain an action against the other spouse for personal injuries resulting from the negligence of the other spouse where the married parties *are living together as husband and wife at the time of the alleged injury.*" (Emphasis added.)

It is interesting to note in the first paragraph of the *Lyons case, supra,* Judge O'Neill uses the following: "* * * and living together as husband and wife * * *." And in the statement of the facts on the preceding page a separate paragraph reads:

"It is agreed that at all times pertinent to this action the parties were married and living together as husband and wife."

The common law rule that a married woman lacks capacity to sue or be sued in her own name has been changed by statute in Ohio. R. C. 2307.09 and 2323.09. However, these statutes do not and should not remove all com-

mon law immunities and disabilities as between spouses. We live in a fast changing world. The female of the species has taken wing from her position of constantly occupying the nest. The male's king of the roost ego is somewhat subdued. Passing years as well as new facts and circumstances dictate new definitions for public policy.

It would be like throwing logic to the winds for any court to disagree with the sound statements in the *Lyons opinion* that the public policy of this state is to promote marital harmony. And that encouraging litigious spouses tends to foster marital disharmony. The court further refers to the "adversary roles litigation will require the spouses to assume." That reasoning is sound in such a situation as the facts of the *Lyons case* where the parties were *living together as husband and wife at the time of the alleged injury*. (Italicized to place emphasis on the words as used by the Supreme Court in the syllabus and opinion in the *Lyons case*.) These are not the facts and circumstances in the instant case. Marital disharmony ultimately resulting in divorce had raised its ugly head. The parties were not and did not again live together as husband and wife. Neither could the fraud and collusion argument be advanced with merit under the facts and circumstances of our instant case. Some courts have shown considerable concern of the "likely" danger of fraud or collusion in suits between spouses. Rather than participate in such general assumption against individuals, this court prefers to believe that in instances where such might exist, the task of weeding out such falls properly within the sphere of courts and juries.

In the *Lyons case*, the Supreme Court of Ohio was aware that a number of jurisdictions allow such a suit as was before the court. See the cases of other states cited at 2 Ohio St. 2d 245, paragraph four.

Historical reasons for common law rules relating to questions of the litigation at hand are fully set forth in an interesting discussion in Prosser on Torts, 898. Reasons behind many of these rules have now vanished. Although differing widely in language used and in the application of

strict or liberal construction, practically every state has enacted statutes changing common law rules, particularly on the subject of a married woman as a separate legal identity and the right of separate legal estate in property.

Section 16 of Article I of the state Constitution provides in part:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

This provision is rather broad and all-inclusive. It would seem to this court that such provision alone, even without the other reasons advanced and set forth herein, should be authority enough for plaintiff to maintain the instant action, particularly where the Ohio Legislature has not enacted any statute that expressly prohibts or places limitation upon a right to recover under the facts and circumstances of the instant negligence action.

In recent years courts over our country in denying the right of a party to proceed with litigation similar in nature to that which we are herein concerned place considerable importance upon *Thompson* v. *Thompson*, 218 U. S. 611. This was an old case decided by the Supreme Court of the United States December 12, 1910—about 60 years ago. The Supreme Court in the majority opinion gave strict and rather narrow construction to a statute of the District of Columbia. There is a forceful and more logical dissenting opinion in this case by Justice Harlan (Justices Holmes and Hughes concurring). Violent objection was taken to the strict construction of said statute. The long line of United States Supreme Court cases in recent years shifting to the liberal construction rule reveals that the *Thompson case* now has value historically only.

This court reaches the conclusion that the moving party is not entitled to judgment as a matter of law, and the motion of the defendant asking dismissal of the complaint is denied.

*Motion denied.*