GREEN, APPELLANT, *v.* GREEN,
APPELLEE.

(No. L-82-052—Decided May 7, 1982.)

*Mr. Joseph A. David,* for appellant.
*Mr. James S. Adray,* for appellee.

CONNORS, P.J. This cause comes on appeal from the dismissal of appellant's complaint for assault and battery by the Court of Common Pleas of Lucas County.

On January 3, 1980, appellee, Lawrence L. Green, allegedly assaulted his wife, Kathleen, the appellant. The next day, on January 4, 1980, appellant filed a complaint for divorce against appellee. Appellant was granted a divorce on December 16, 1980. On September 17, 1981, appellant filed her complaint for assault and battery. On February 8, 1982, the trial court entered a judgment dismissing said complaint pursuant to Civ. R. 12(B)(6) and R.C. 2305.11, the one-year statute of limitations on assault and battery actions. From said judgment entry, appellant now appeals.

Appellant's first assignment of error states that:

"I. The decision of the trial court sustaining defendant's motion to dismiss plaintiff's complaint is contrary to law."

Appellant contends that the statute of limitations on assault and battery actions, R.C. 2305.11, was tolled during coverture, or, in the alternative, that the ten-year statute of limitations provided by R.C. 2305.14 is applicable to the facts of the instant case.

Although subject to vigorous criticism, the law in the state of Ohio preserves the common law doctrine of interspousal tort immunity to the extent that each spouse is barred from suing the other for the commission of a negligent tort during coverture. *Bonkowsky* v. *Bonkowsky* (1982), 69 Ohio St. 2d 152 [23 O.O.3d 188]; *Varholla* v. *Varholla* (1978), 56 Ohio St. 2d 269 [10 O.O.3d 403].

However, *Kobe* v. *Kobe* (1978), 61 Ohio App. 2d 67 [15 O.O.3d 86], held that, "a wife may institute an action against her husband after they are divorced for serious injuries intentionally inflicted during coverture." *Id.* at 71. The *Kobe* court reasoned that when an intentional tort is inflicted on one spouse by the other, and the parties are subsequently divorced, the rationale and public policy considerations used to support the interspousal immunity doctrine are irrelevant and inapplicable. *Id.* at 70, 71.

The justification advanced to support interspousal immunity for negligent torts was set forth in *Lyons* v. *Lyons* (1965), 2 Ohio St. 2d 243 [31 O.O.2d 504], where the Supreme Court first addressed the issue. The reasons were threefold: (1) the immunity fosters the public policy of the state of Ohio to promote marital harmony; (2) the immunity prevents fraud and collusion at the expense of tactically disadvantaged insurance companies; and (3) if there is to be a change in the public policy of the state, it should emanate from the General Assembly. *Id.* at 244-247.

We agree with the *Kobe* court's analysis that "* * * [t]he public policy set forth in *Lyons* has little relevancy to the facts presented here in which appellant contends her husband beat her severely while they were married." The instant case, like *Kobe,* involved an alleged

assault and battery. For the following reasons we believe the commission of an intentional tort distinguishes the case *sub judice* from the holding in *Lyons, supra.*

First, holding a spouse immune for the infliction of an intentional tort does nothing to foster marital harmony. The *Kobe* court cited *Apitz* v. *Dames* (1955), 205 Ore. 242, 287 P. 2d 585, where the Supreme Court of Oregon held that:

"* * * when a husband inflicts intentional harm upon the person of his wife, the peace and harmony of the home has been so damaged that there is no danger that it will be further impaired by the maintenance of an action for damages and she may therefore maintain an action." *Id.* at 271, 287 P.2d at 598.

The Oregon Supreme Court decided on the same day that interspousal immunity serves to bar a negligence action in tort between spouses. *Smith* v. *Smith* (1955), 205 Ore. 286, 287 P. 2d 572. However, both *Apitz, supra,* and *Kobe, supra,* found that where an intentional tort is involved the cases are distinguishable and that marital harmony is in no way promoted by holding immune from suit one spouse who has intentionally inflicted serious physical injury upon the other spouse. *Apitz, supra,* at 271; *Kobe, supra,* at 70; see, also, Annotation, 92 A.L.R.3d 935, 936, Section 21, which lists 24 jurisdictions in which the argument that interspousal tort immunity promotes marital harmony has been rejected.

Second, there is little chance of fraud and collusion between spouses when one spouse has intentionally caused harm to the other. The *Kobe* court stated that "[t]here can be no collusion, since the two are clearly occupying adversary positions where fraud is likely to be uncovered because of the desire of the defendant to avoid the loss." *Kobe, supra,* at 70. In any event, the slight chance of a fraudulent claim involving an intentional tort is outweighed by the necessity of providing a remedy to the spouse who is intentionally injured by the other. We agree with *Coffindaffer* v. *Coffindaffer* (W.Va. 1978), 244 S.E. 2d 338, 343, 344, where the court stated that:

"Of significance is the right to recover for the intentional tort. Our law before today practiced a cruel paradox. Under the guise of promoting family harmony, it permitted the wife beater to practice his twisted frustrations secure in the knowledge that he was immune from civil action except for a divorce, and that any criminal penalty would ordinarily be a modest fine. If nothing else, the knowledge of a monetary judgment with punitive damages may stay such violence."

Third, abolishing interspousal immunity for intentional torts does not change public policy but promotes it. As discussed above, the public policy considerations used to support interspousal immunity for negligent torts are not applicable to, nor are they advanced by, the imposition of interspousal immunity in the area of intentional torts. We believe the ability of one spouse to sue the other for an intentional tort promotes the general public policy of providing a remedy for wrongs done and deterring intentional conduct such as assault and battery.

In light of the foregoing, we find that the instant case, involving an intentional tort, is distinguishable from the holding in *Lyons, supra.* In addition, it is clear that the considerations used to support the decision in *Lyons, supra,* do not apply when an intentional tort is at issue. Therefore, we find that the doctrine of interspousal immunity for negligent torts should not be extended to bar one spouse from suing the other for an intentional tort. Based on the foregoing analysis, we extend the holding in *Kobe, supra,* and find that one spouse may sue the other, during coverture, for serious injuries intentionally inflicted during the marriage.

Turning to the facts of the case at bar, we find that R.C. 2305.11 is the applicable limitation of actions statute for an assault

and battery action. R.C. 2305.11 operates to bar any action not brought within one year of the accrual thereof. Since appellant's action was brought approximately eighteen months after the alleged assault, it is barred by R.C. 2305.11. The *Kobe* case is distinguishable because the complainant therein filed her action within one year of the alleged intentional tort.

Appellant, however, contends that the running of the statute was tolled during coverture or that the cause of action did not accrue until after the divorce. We disagree. R.C. 2305.16, unless otherwise specially provided in R.C. 2305.04 to 2305.14 or R.C. 2305.15, provides the only means by which the running of the statutes is tolled. We find no language in any of the above cited statutes which could justify the tolling of the statute in the instant case. Regarding the accrual of the cause of action, the law is clear that the cause of action accrued on the date of the alleged assault. *Squire* v. *Guardian Trust Co.* (1947), 79 Ohio App. 371, 383 [35 O.O. 144]; 34 Ohio Jurisprudence 2d 556, 557, Limitation of Actions, Section 81.

Appellant contends that the ten-year limitation period of R.C. 2305.14 applies to this case. R.C. 2305.14 applies only when an action for relief is "not provided for in sections 2305.04 to 2305.131, inclusive, and section 1304.29 * * *." Since R.C. 2305.11 provides for assault and battery actions, appellant's action is governed by R.C. 2305.11 and not R.C. 2305.14.

In light of the foregoing, we find that appellant's assault and battery action accrued on January 3, 1980, that R.C. 2305.11 is the applicable limitation of actions statute, and that appellant's cause of action, being filed on September 17, 1981, is barred by R.C. 2305.11. Accordingly, we find appellant's first assignment of error not well taken.

Appellant's second assignment of error states that:

"II. The decision of the trial court sustaining defendant's motion to dismiss plaintiff's complaint is unconstitutional in that it violates Section 16, Article I, of the Ohio Constitution, and Amendment 14, to the U.S. Constitution."

Statutes which bar or suspend a cause of action for not being brought within specified time limits are constitutional as long as they are reasonable and do not unreasonably discriminate. 16A Corpus Juris Secundum 510, 771, Constitutional Law, Sections 560, 615. We find that the one-year limitation period of R.C. 2305.11 is reasonable and that R.C. 2305.11 is not unreasonably discriminatory. Accordingly, we find appellant's second assignment of error not well taken.

On consideration whereof, the court finds substantial justice has been done the appellant, and judgment of the Court of Common Pleas of Lucas County is affirmed.

This cause is remanded to said court for assessment of costs. Costs assessed against appellant.

*Judgment affirmed.*

DOUGLAS and MCQUADE, JJ., concur.

MCQUADE, J., of the Court of Common Pleas of Fulton County, was assigned to the Sixth Appellate District in accordance with Section 5(A)(3), Article IV, Constitution.