PREM, ADMR., APPELLANT, *v.* COX; DAVIS, APPELLEE.

[Cite as Prem *v.* Cox (1983), 2 Ohio St. 3d 149.]

(No. 81-1734—Decided January 5, 1983.)

---

[1] The cause was continued until further order as to defendant Cox.

*Messrs. Holbrock, Jonson, Bressler & Houser, Mr. George N. Jonson* and *Mr. Timothy R. Evans,* for appellant.

*Baden, Jones, Scheper & Crehan Co., L.P.A., Mr. David H. Landis* and *Mr. James H. Scheper,* for appellee.

CELEBREZZE, C. J. The issue presented is whether the doctrine of interspousal immunity applies in this wrongful death action. For the reasons which follow, we hold that the doctrine of interspousal immunity does not bar an action for wrongful death brought by the estate of a deceased spouse against a surviving spouse.

The appellee argues that the doctrine of interspousal immunity and R.C. 2125.01 preclude a wrongful death action in this situation. The statute provides in pertinent part:

"When death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued * * *."

Although this conditional language could be interpreted to mean that since the decedent, because of interspousal immunity, could not have recovered damages for personal injuries if she had survived, a wrongful death action is similarly precluded. However, we do not believe such a construction was intended or required.

The purpose of R.C. Chapter 2125 is to create a cause of action by which those who have sustained a loss due to a wrongful death may recover pecuniary damages. In construing a similar wrongful death statute, the Supreme Court of Michigan stated that "[w]e must never lose sight of the fact that the legislature under the wrongful death act sought to impose liability in case of the death of a person by the wrongful act of another." *Mosier* v. *Carney* (1965), 376 Mich. 532, 564, 138 N.W. 2d 343. Thus, we consider whether the conditional language in R.C. 2125.01 should be construed to preclude recovery because of the doctrine of interspousal immunity in light of the purpose of providing a wrongful death cause of action.

Although the tortious act may give rise to a cause of action by the injured, it also is the basis for a wrongful death action by the personal representative of the decedent. An action by an administrator to recover damages for the wrongful death of the decedent and an action instituted by the decedent in his lifetime to recover damages for his injuries are "maintained under separate and independent rights * * *." *Gorman* v. *Columbus & Southern Ohio Elec. Co.* (1945), 144 Ohio St. 593, 597 [30 O.O. 194]. Wrongful death is a new cause of action distinct and apart from the right of action which the injured person may have had. *Karr* v. *Sixt* (1946), 146 Ohio St. 527 [33 O.O. 14], paragraph one of the syllabus; *Koler* v. *St. Joseph Hosp.* (1982), 69 Ohio St. 2d 477 [23 O.O.3d 413]. R.C. 2125.02 creates a right for those who suffer pecuniary loss by virtue of the decedent's wrongful death.

Therefore, the action has its derivation from the tortious act and not from the person of the deceased.

Although interspousal immunity may be asserted in the case *sub judice* to protect the husband from liability in a suit by his injured wife, *Bonkowsky* v. *Bonkowsky* (1982), 69 Ohio St. 2d 152 [23 O.O.3d 188], the negligent driving continues to be a tortious act and can support an action in favor of other parties free from the immunity. There is no reason why the relationship of the tortfeasor to the injured person should preclude recovery in a wrongful death action. Interspousal immunity is personal and does not inhere to the tort itself. *Deposit Guar. Bank & Trust Co.* v. *Nelson* (1951), 212 Miss. 335, 347, 54 So. 2d 476. As aptly stated by the Supreme Court of Washington, "[t]he wife's personal disability necessarily disappears with her death, and hence is not transferable to the personal representative, who has a new cause of action." *Johnson* v. *Ottomeier* (1954), 45 Wash. 2d 419, 424, 275 P. 2d 723.

Because the wrongful death action is not brought for the benefit of the decedent, any personal immunity existing solely because of the marital relationship should not be included in the conditional clause of R.C. 2125.01. The court reached a similar conclusion in *Nelson, supra,* at page 347:

"* * * [T]he stated condition in the statute has no reference to the person entitled to sue but only to the sufficiency of the circumstances attending the injury and the nature of the wrongful act. That is, the defendant must be chargeable with a wrongful act."

Construing a wrongful death statute, similar to Ohio's, the Supreme Court of Indiana concluded that: "* * * [T]he Legislature never intended to write into the Wrongful Death statute the defense of interspousal immunity by the use of the qualifying phrase above referred to. To hold otherwise would, in cases such as this, defeat the very purpose of the statute by denying recovery to those suffering the loss. Further, all justifications advanced for the application of the interspousal immunity doctrine cease upon the death of one of the marriage partners." *In re Estate of Pickens* (1970), 255 Ind. 119, 127-128, 263 N.E. 2d 151. We conclude that the conditional clause in R.C. 2125.01 refers to the facts and circumstances giving rise to the cause of action, rather than to the person by whom the action may be maintained.

This conclusion is supported by the fact that the public policy reasons underlying the doctrine of interspousal immunity lose whatever force they might otherwise have had after the marriage has terminated by the death of one of its partners. Fraud and collusion are unlikely to occur when one spouse is dead and the action is brought by the legal representative of that person's estate. Furthermore, there is no marital peace and harmony to be preserved. It is not realistic to maintain that insurance companies are tactically disadvantaged in this situation. Thus, the reasons for the immunity are irrelevant to a wrongful death action. The doctrine should be confined to cases supported by the traditional justifications.

It is fundamental to our legal system that one may seek redress for a

substantial wrong. In a wrongful death action, the General Assembly creates a remedy by allowing a suit for recovery of damages caused by a negligent driver. *Parrish* v. *Walsh* (1982), 69 Ohio St. 2d 11 [23 O.O.3d 7]. Similarly, the estate of a deceased spouse should be able to seek recovery as there is no reason to impose the doctrine of interspousal immunity as a bar solely because the tortfeasor happens to have been married to the decedent.

We do not believe that the General Assembly intended to impose the interspousal immunity doctrine in this situation where its existence is without reasonable justification. As this court has often stated, "[t]he General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result." *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47 [45 O.O.2d 327], paragraph four of the syllabus.

Therefore, we do not believe that the conditional phrase in R.C. 2125.01 precludes appellant's action. We join other jurisdictions which have similarly interpreted comparable statutory language. See *Pickens, supra; Welch* v. *Davis* (1951), 410 Ill. 130, 101 N.E. 2d 547; *Mosier, supra; Shumway* v. *Nelson* (1961), 259 Minn. 319, 107 N.W. 2d 531; *Kaczorowski* v. *Kalkosinski* (1936), 321 Pa. 438, 184 A. 663; and *Deposit Guar. Bank & Trust Co.* v. *Nelson, supra.* Thus, the doctrine of interspousal immunity does not bar an action for wrongful death brought by the estate of a deceased spouse against the surviving spouse.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

W. BROWN, SWEENEY and C. BROWN, JJ., concur in the syllabus and judgment only.

LOCHER, HOLMES and KRUPANSKY, JJ., dissent.

WILLIAM B. BROWN, J., concurring. It is my strong belief that interspousal immunity is an outmoded, ineffective, anachronistic and unconstitutional doctrine. Based on the reasons set forth in my dissenting opinions in *Varholla* v. *Varholla* (1978), 56 Ohio St. 2d 269, 271 [10 O.O.3d 403], and *Bonkowsky* v. *Bonkowsky* (1982), 69 Ohio St. 2d 152, 155 [23 O.O.3d 188], I would hold that the doctrine of interspousal immunity should never operate as a bar to recovery. Because the majority would only abrogate the doctrine of interspousal immunity in wrongful death actions, I can only concur in the syllabus and the judgment in this case.

SWEENEY, J., concurs in the foregoing concurring opinion.

CLIFFORD F. BROWN, J., concurring. Because I believe the doctrine of interspousal immunity should be abrogated in *every* instance (see dissenting opinion to *Varholla* v. *Varholla* [1978], 56 Ohio St. 2d 269, at 271 [10 O.O.3d 403], and to *Bonkowsky* v. *Bonkowsky* [1982], 69 Ohio St. 2d 152, at 155 and 162 [23 O.O.3d 188]), I concur only in the syllabus and judgment.

SWEENEY, J., concurs in the foregoing concurring opinion.

KRUPANSKY, J., dissenting. In light of the express language of R.C. 2125.01, I am unconvinced by the convoluted reasoning offered by the majority opinion to justify its unwarranted result. The wrongful death statute, R.C. 2125.01, clearly precludes appellant from maintaining the instant action. By disregarding the clear meaning of the statute, the majority has in effect overruled the General Assembly's intent. I must, therefore, respectfully dissent.

Pursuant to the plain language of R.C. 2125.01, a wrongful death action may be maintained only if the decedent would have been entitled to recover damages if death had not ensued. R.C. 2125.01 provides in relevant part:

"When the death of a person is caused by wrongful act, neglect, or default *which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued* * * * shall be liable to an action for damages, notwithstanding the death of the person injured * * *." (Emphasis added.)

Inasmuch as appellee Davis was the decedent's husband, the doctrine of interspousal tort immunity would have prevented the decedent from suing her husband if she had survived. *Bonkowsky* v. *Bonkowsky* (1982), 69 Ohio St. 2d 152 [23 O.O.3d 188]; *Lyons* v. *Lyons* (1965), 2 Ohio St. 2d 243 [31 O.O.2d 504]. This action is, therefore, barred under R.C. 2125.01.

The majority, nonetheless, finds the doctrine of interspousal tort immunity inapplicable in the case *sub judice* on the grounds that the public policies underlying the immunity are not implicated under these circumstances. I cannot agree. The potential for fraud and collusion is still present in cases such as this where insurance may be involved because the decedent's spouse and children would certainly be beneficiaries of any judgment rendered against the surviving spouse. The possibility of profiting upon being found negligent "creates a strong inducement to trump up claims and conceal possible defenses." *Lyons, supra,* at page 245.

Surely, public policy should operate to prevent a party from benefiting from his own wrongdoing. The instant wrongful death action has been brought for the benefit of the tortfeasor himself, the decedent's spouse. Something has gone awry when the wrongdoer, the husband in this case, may benefit from his wrongful act by way of recovery of damages through his deceased wife's estate.

Furthermore, regardless of insurance, suits such as this threaten to destroy harmony within the surviving family. In this instance, the children would, in effect, be suing their father since they, as well as the father, would benefit from the decedent's estate if the action were successful. The public policy of encouraging harmony within the family is jeopardized when family members are placed in such adversary roles. Cf. *Karam* v. *Allstate Ins. Co.* (1982), 70 Ohio St. 2d 227 [24 O.O.3d 327] (parental immunity upheld).

The General Assembly has clearly provided the instant lawsuit may not be maintained. It is for the General Assembly, and not for this court, to create an exception to the unambiguous mandate of R.C. 2125.01. *Bonkowsky, supra*; *Varholla* v. *Varholla* (1978), 56 Ohio St. 2d 269 [10 O.O.3d 403]; *Lyons, supra.*

In *Lyons* this court upheld the doctrine of interspousal immunity and stated at page 247: "If there is to be a change in the public policy of the state in this regard, it should come from the General Assembly." This principle was also emphasized in *Varholla* (at page 270: "changes in this area must emanate from the General Assembly, not the courts"), and re-emphasized in *Bonkowsky,* decided less than a year ago. Now, contrary to the settled law of this state and the clear intent of the General Assembly, the majority has enacted an exception to the wrongful death statute and the doctrine of interspousal immunity.

For the foregoing reasons, I would affirm the judgment of the court of appeals.

LOCHER, J., concurs in the foregoing dissenting opinion.

HOLMES, J., dissents.