**Sharon FLYNN, Plaintiff,**

v.

**Michael J. FLYNN, Defendant.**

**No. C82–3465A.**

United States District Court, N.D. Ohio, E.D.

April 21, 1983.

James L. Wagner, Akron, Ohio, for plaintiff.

Don E. Lombardi, Akron, Ohio, for defendant.

## ORDER

DOWD, District Judge.

Before the Court is the defendant's motion for summary judgment filed January 28, 1983. The plaintiff's brief in opposition was filed February 22, 1983. For the reasons stated below, the motion is denied.

The defendant asserts that he is entitled to summary judgment because the statute under which the plaintiff makes her claim, 18 U.S.C. § 2520, does not apply to the interception by one spouse using electronic equipment of the conversations of the other spouse with a third party over the telephone in the marital home. In the alternative, the defendant contends that he is entitled to summary judgment because he did not act "willfully" in violation of the law.

In pertinent part, 18 U.S.C. § 2520 provides:

> Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall . . . have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications. . . .

This section thus incorporates the provisions of 18 U.S.C. § 2511(1), which states in pertinent part:

> Except as otherwise specifically provided in this chapter any person who—
>
> (a) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire or oral communication;
>
> •    •    •    •    •
>
> (c) willfully discloses, or endeavors to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subsection . . .
>
> •    •    •    •    •
>
> shall be fined not more than $10,000 or imprisoned no more than five years, or both.

The defendant relies primarily upon the Fifth Circuit case of *Simpson v. Simpson,* 490 F.2d 803 (5th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974), which held that § 2520 was not intended to prohibit purely interspousal wiretaps placed on telephones in the marital home. The *Simpson* Court reached this conclusion by analyzing legislative history, despite its finding that the "naked language" of the statute by virtue of its inclusiveness reached the fact situation before the Court.

In a case involving the criminal prosecution of a husband who had wiretapped his

wife's telephone, *United States v. Jones,* 542 F.2d 661 (6th Cir.1976), the Sixth Circuit held that the criminal section of the statute did indeed apply to interspousal wiretaps. The *Jones* Court stated:

The language of § 2511(1)(a) quite clearly expresses a blanket prohibition on all electronic surveillance except under circumstances specifically enumerated in the statute . . . .

542 F.2d at 667. Moreover, even though the Court made this finding and recognized the principle that legislative history will not ordinarily be referred to in construing a statute which is clear on its face, it further stated:

Our review of the legislative history of this section, testimony at congressional hearings, and debates on the floor of Congress, inescapably lead to the conclusion that 18 U.S.C. § 2511(1)(a) establishes a broad prohibition on all private electronic surveillance and that a principal area of congressional concern was electronic surveillance for the purposes of marital litigation.

542 F.2d at 669.

It appears from the evidentiary material offered in support of and in opposition to the motion for summary judgment that the facts of the instant case are more similar to those of *Simpson* than to those of *Jones.* Both *Simpson* and the instant case involve civil actions between people who were still married and living together in the marital home at the time of the wiretapping. On the other hand, the husband in *Jones* had moved out of the house, and that case, as noted above, was a criminal action. The *Jones* Court thoroughly analyzed the *Simpson* decision, however, and questioned its correctness on its own facts. The Sixth Circuit stated:

As matter of statutory construction, the conclusion reached in *Simpson* is also

questionable. The explicit language of 18 U.S.C. § 2511(1)(a) is that "any person" who violates the section is liable to punishment "except as otherwise specifically provided." If Congress had intended to create another exception to Title III's [18 U.S.C. §§ 2510 *et seq.*] blanket prohibition of unauthorized wiretaps they would have included a specific exception for interspousal wiretaps in the statute . . . .

.     .     .     .     .

The *Simpson* Court based its decision, at least in part, on a desire to avoid a conflict between the civil remedies granted by the federal statute and the doctrine of interspousal immunity from civil action in tort recognized by many states. The Court concluded that Congress did not intend to override the doctrine of interspousal immunity and "intrude into the marital relation within the marital home", normally a subject for state law. This analysis is faulty when applied to this case in a number of respects. One problem is that state law is far from uniform on the doctrine of interspousal immunity. A number of states have decided the doctrine is antiquated and have abandoned it. There is also substantial doubt whether a doctrine of state tort law should have any influence in defining a cause of action expressly created by federal statute, particularly when Congress could have included a similar provision in the statute and failed to do so.

542 F.2d at 671–72 (footnotes and citations omitted).

▪▪▪ Thus, in conformity with the Sixth Circuit's opinion, the Court concludes that the doctrine of interspousal immunity, although still recognized in Ohio,[1] should have no part in determining whether a violation of 18 U.S.C. § 2520 has occurred. In light of this holding and the Sixth Circuit's rul-

---

1. The Ohio Supreme Court most recently reaffirmed the validity of the doctrine of interspousal immunity in *Bonkowsky v. Bonkowsky,* 69 Ohio St.2d 152, 431 N.E.2d 998 (1982). In *Prem v. Cox,* 2 Ohio St.3d 149, 443 N.E.2d 511 (1983), however, the Court held that the doctrine does not bar an action for wrongful death brought by the estate of a deceased against the surviving spouse. Moreover, Justices William B. Brown, Sweeney, and Clifford F. Brown, dissenting in *Bonkowsky* and concurring in the syllabus and judgment only in *Prem,* stated their belief that the doctrine should be abrogated in every instance.

ing that § 2511 applies to interspousal wiretaps, the clear language of § 2520 leads to the conclusion that a civil cause of action does indeed exist for interspousal wiretapping. The defendant's motion for summary judgment on the basis of the claimed inapplicability of § 2520 is therefore not well taken.

 The defendant also contends that he is not liable under § 2520 because his acts of wiretapping the telephone in his marital home and intercepting his wife's conversations were not "willfully" done, and thus not in violation of § 2511. For his definition of "willfully" the defendant relies upon *Beard v. Akzona, Inc.,* 517 F.Supp. 128 (E.D. Tenn.1981), which states:

> It is clear from the face of the statute that civil liability requires proof of *willful* use or disclosure of the contents of the communication in question. Since liability in this case is based on violation of a criminal statute, the word "willfully" must be defined in the context of criminal law. *U.S. v. Murdock,* 290 U.S. 389 [54 S.Ct. 223, 78 L.Ed. 381] ... (1933). In that sense, "willful" means more than merely intentional or voluntary. A "willful" act is
>
>> "an act done with bad purpose; without justifiable excuse; stubbornly, obstinately, perversely. The word is also employed to characterize a thing done without ground for believing it is lawful, or conduct marked by careless disregard whether or not one has the right so to act." *U.S. v. Murdock, supra,* at 394–395 [54 S.Ct. at 225] .... [Citations omitted.]

517 F.Supp. at 133.

The defendant attached to his motion for summary judgment his affidavit stating that he did not know he was acting in violation of federal law and certainly did not violate federal law willfully, but rather was acting in good faith. In contradiction of this assertion, the plaintiff attached to her brief in opposition excerpts from the defendant's deposition which indicate that the defendant played the recorded conversations to many relatives and friends whose need to hear them is characterized by the plaintiff as at best questionable. This testimony, the plaintiff asserts, demonstrates that the determination of the existence of the element of willfulness is a matter for the trier of fact.

The Court finds that there is indeed a genuine issue as to the material fact of the willfulness of the defendant's actions. Accordingly, summary judgment would be inappropriate, and the defendant's motion is therefore denied.

IT IS SO ORDERED.