**Casper CITRON, Steven Casper Henry Citron, and Alisande Citron Slivka, Plaintiffs-Appellants,**

v.

**Fiona Graham CITRON, M.D., Defendant-Appellee.**

**No. 47, Docket 82–7467.**

United States Court of Appeals, Second Circuit.

Argued Sept. 6, 1983.
Decided Nov. 14, 1983.

Jeremiah S. Gutman, New York City (Levy, Gutman, Goldberg & Kaplan, New York City, of counsel), for plaintiffs-appellants.

Stanley S. Zinner, White Plains, N.Y. (Greene & Zinner, White Plains, N.Y., of counsel), for defendant-appellee.

Before MANSFIELD and PRATT, Circuit Judges, and TENNEY, District Judge [*]

PER CURIAM:

Plaintiffs, Casper Citron and his two adult children, Steven and Alisande, appeal from a judgment of the United States District Court for the Southern District of New York, Whitman Knapp, *Judge,* dismissing their complaint which claimed that Casper Citron's wife, Fiona Citron, violated the federal wiretapping statute, 18 U.S.C. § 2510 *et seq.*

Plaintiffs' appeal focuses primarily on the word "willfully" in the statute. They contend that when the statute is applied to fix civil liability for unlawful wiretapping, "willfully" should be given a different meaning than when the statute is applied criminally. In a careful opinion reported as *Citron v. Citron,* 539 F.Supp. 621 (S.D.N.Y. 1982), Judge Knapp held that the term "willfully" in the statute has the same meaning whether the statute is applied criminally or civilly. We agree and therefore affirm. We write only to clarify the meaning of "willfully" in § 2511 when the statute is invoked to impose civil liability under § 2520.

Casper Citron is a radio and television personality with extensive public speaking experience. Fiona Citron, his wife, is a psychiatrist who lacks such experience. Because Fiona felt that she would be no match for her husband as a witness in the state divorce proceeding that she planned to file, she obtained an electronic device to intercept and record her husband's telephone conversations. She also hoped to record information to help her obtain custody of their adopted children.

After recording a few calls, Fiona became apprehensive about the legality of her conduct. She consulted her attorney who told her not to worry. Fiona then continued recording the calls until Casper eventually discovered her activity and brought this civil action seeking damages under § 2520 for unlawful wiretapping. The case eventually was tried before Judge Knapp and a jury.

At the close of the entire case Fiona moved to dismiss on the ground, *inter alia,* that Casper had failed to introduce any evidence showing that Fiona had acted "willfully" within the meaning of § 2511. Judge Knapp denied the motion and submitted the case to the jury on special verdicts. *Citron,* 539 F.Supp. at 623.

Responding to questions in the form of special verdicts, the jury found that Fiona had intercepted and recorded Casper's calls on sixteen different days, Steven's on seven, and Alisande's on three, but that none of the plaintiffs had suffered any actual damages. In answer to a question on the issue of punitive damages the jury found that Fiona neither knew she was violating the law nor acted in reckless disregard of whether or not her conduct was unlawful.

Fiona then renewed her motion to dismiss, urging that the special verdict on punitive damages conclusively established that she had not acted "willfully" and, therefore, that she had not violated § 2511. The district court initially denied the motion, but upon reconsideration found Fiona's argument persuasive and dismissed the complaint. *Citron,* 539 F.Supp. at 624. Plaintiffs appeal, contending that in a civil action under the wiretapping statute less need

[*] Of the United States District Court for the Southern District of New York, sitting by designation.

be shown to establish willfulness than in a criminal prosecution. We disagree.

Section 2511 of Title 18 provides:

[A]ny person who—

(a) *willfully* intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication * * * [shall be guilty of a crime]. (emphasis added).

Section 2520 provides:

Any person whose wire or oral communication is intercepted, disclosed, or used *in violation of this chapter* (1) shall have a civil cause of action * * * [for damages] (emphasis added).

To be civilly liable under § 2520, therefore, a defendant must have violated § 2511. This means that the defendant is not civilly liable for recording her husband's and children's calls unless she acted "willfully". The word "willfully" generally denotes either an intentional violation or a reckless disregard of a known legal duty. In *United States v. Murdock,* 290 U.S. 389, 394–95, 54 S.Ct. 223, 225–26, 78 L.Ed. 381 (1933), the Court stated:

The word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But, when used in a criminal statute, it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely. The word is also employed to characterize a thing done without ground for believing it is lawful, or conduct marked by careless disregard whether or not one has the right so to act. (citations omitted).

See also *United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976); *Goodman v. Heublein, Inc.,* 645 F.2d 127, 131 (2d Cir.1981). Courts do recognize, of course, that the word willfully may be afforded a different meaning if required by a particular statutory scheme in which it appears. See, e.g., *United States v. Dixon,* 536 F.2d 1388, 1397 (2d Cir.1976) (lesser showing may be required for purposes of § 32(a) of the Securities Exchange Act). But no special context is presented by the wiretapping statute. The citation to *Mur-*

*dock* in the Senate Report accompanying Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (the wiretapping statutes), makes it clear that congress employed the term "willfully" to denote at least a voluntary, intentional violation of, and perhaps also a reckless disregard of, a known legal duty, see S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.Code Cong. & Ad.News 2112, 2181; but, as applied to Fiona's conduct, both of these standards were excluded by the jury's special verdict.

Further, the author of the model wiretapping statute, upon which Title III was based, also cited *United States v. Murdock* for the definition of "willfully", and observed that "[t]his [definition] seems only just in light of the technical character of the Act." See Blakey & Hancock, *A Proposed Electronic Surveillance Control Act,* 43 Notre Dame Law. 657, 666 n. 19 (1968). Nothing in the statute or in its legislative history suggests that congress intended different standards of willfulness to be applied in the civil and criminal contexts. Nor does it seem logical that the same term, "willfully", in the same statute, § 2511, should have any different meaning when applied directly to a criminal violation than when the same violation is incorporated by reference to establish civil liability.

Finally, we recognize that our broad definition of "willfully" covers much, if not all, of the same territory as the good faith defense referred to by congress in the last sentence of § 2520 which provides:

A good faith reliance on a court order or legislative authorization shall constitute a complete defense to any civil or criminal action brought under this chapter or under any other law.

However, we view that sentence not as an intention to depart from the traditional meaning of "willfully", but as an emphasis of congress's desire to assure that authorized people such as law enforcement officers and others assisting them would not be held liable when they act in good faith.

Accordingly, Judge Knapp correctly held that "liability under Title III—be it civil or

criminal—cannot be established against any defendant without showing that he acted with intentional or reckless disregard of his legal obligations." *Citron,* 539 F.Supp. at 626. Since the jury by its special verdict on punitive damages found, in effect, that Fiona's violation of the statute was not willful, it follows that plaintiffs failed to establish a violation of § 2511 upon which civil liability under § 2520 could have been based, and that Judge Knapp properly dismissed the complaint.

Affirmed.