**George H. BENFORD**

v.

**AMERICAN BROADCASTING CO., INC., et al.**

Civ. A. No. N–79–2386.

United States District Court, D. Maryland.

May 14, 1986.

Wilson K. Barnes, Baltimore, Md., and Dean E. Sharp and George B. Driesen, Washington, D.C., for plaintiff.

Stanley M. Brand and Steven R. Ross, Office of General Counsel to the Clerk, U.S. House of Representatives and Michael L. Murray, Office of the Clerk, U.S. House of Representatives, Washington, D.C., for Congressional defendants.

Alan I. Baron, Baltimore, Md., for defendants ABC and Margaret Osmer-McQuade.

### MEMORANDUM

NORTHROP, Senior District Judge.

Plaintiff George Benford has moved for partial summary judgment on the issue of liability under the Maryland Wiretapping and Electronic Surveillance Statute[1] (Count I of the amended complaint). Defendants ABC and Margaret Osmer-McQuade have submitted a memorandum in opposition to the motion.[2] No hearing is necessary for the disposition of the motion. Local Rule 6.

### Discussion

Section 10–402 of the Maryland act states in pertinent part:

(a) Unlawful acts—Except as otherwise specifically provided in this subtitle it is unlawful for any person to:

(1) Wilfully intercept, endeavor to intercept, or procure any other person to

---

1. Md.Ann.Code, CJ Sections 10–401 *et seq.*

2. The Congressional defendants have recently appealed the Court's April 21, 1986 ruling on the issue of qualified immunity and have not responded to the motion.

intercept or endeavor to intercept, any wire or oral communication;

(2) Wilfully disclose, or endeavor to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subtitle; or

(3) Wilfully use, or endeavor to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subtitle.

Section 10–410 establishes civil liability for the violation of Section 10–402 and authorizes a private cause of action to recover damages.

Because genuine issues of material fact exist as to the wilfullness of the defendants' actions and the privacy of the communication at issue, the motion for summary judgment will be denied. The two issues properly belong to the jury.

### A. Wilfullness

To establish liability under the Maryland act, the plaintiff must prove that the defendants acted wilfully. Unfortunately, the statute does not define the term, and the legislative history sheds no light upon it. The Maryland courts have not as yet interpreted this critical word in the context of the act. In the absence of any state law interpretation of the term, it is appropriate to turn for guidance to the federal statute, Title III of the Omnibus Crime Control Act of 1968,[3] which employs the identical term. The federal statute served in large part as the model for the Maryland act. *See State v. Baldwin*, 289 Md. 635, 641, 426 A.2d 916, 920–21, *cert. denied*, 454 U.S. 852, 102 S.Ct. 295, 70 L.Ed.2d 144 (1981); *Wood v. State*, 290 Md. 579, 583, 431 A.2d 93, 95 (1981). *See also* Gilbert, *A Diagnosis, Dissection, and Prognosis of Maryland's New Wiretap and Electronic Surveillance Law*, 8 U.Balt.L.Rev. 183, 191 (1979).

Section 2511 of Title III establishes the grounds for criminal liability under the federal act. 18 U.S.C. § 2511. Section 2520 authorizes a private cause of action for the recovery of civil damages by any person whose wire or oral communication is intercepted, disclosed or used in violation of section 2511.

In light of the criminal nature of the predicate liability in a section 2520 civil action, federal courts have employed the criminal law definition of "wilfully." Thus, the wilfullness standard is identical in civil and criminal cases brought under the act. *Citron v. Citron*, 722 F.2d 14 (2d Cir.1983); *Beard v. Akzona, Inc.*, 517 F.Supp. 128 (E.D.Tenn.1981); *Flynn v. Flynn*, 560 F.Supp. 922 (N.D.Ohio 1983). *But see Kratz v. Kratz*, 477 F.Supp. 463 (E.D.Pa. 1979).

The term "wilfully," when used in the criminal context, means more than intentional or voluntary. It denotes either an intentional violation or a reckless disregard of a known legal duty.

The Senate Report accompanying the act[4] cited *United States v. Murdock*, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933), to illustrate the standard of wilfullness. In *Murdock*, the Court stated:

But when used in a criminal statute, it [wilfull] generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely. The word is also employed to characterize a thing done without ground for believing it is lawful, or conduct marked by careless disregard whether or not one has the right so to act.

*Id.* at 394–95, 54 S.Ct. at 225. [citations omitted].

Quite clearly, the defendants' intentions are in dispute, precluding summary judgment. *See Phoenix Savings & Loan v. Aetna Casualty and Surety Co.*, 381 F.2d

---

**3.** 18 U.S.C. § 2511 *et seq.*

**4.** S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.Code Cong. & Ad.News 2112, 2181.

245 (4th Cir.1967) (the movant bears the burden to demonstrate clearly that there is no genuine issue of material fact, and any doubt as to the existence of such an issue is resolved against him).

### B. Oral Communication

For purposes of this motion, the plaintiff has also failed to prove that the videotaped sales presentation was an oral communication within the meaning of the Maryland statute. As the moving party, the plaintiff has the burden of showing the absence of a genuine issue of material fact, and for this purpose, the record must be viewed in the light most favorable to the non-movant parties, the defendants. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970).

Section 10–401(2) defines oral communication as "any conversation or words spoken to or by any person in private conversation." The term "private conversation" is not defined in the Act.[5]

The conflicting evidence in the record concerning the privacy of the conversation compels the Court to conclude that the issue is one for the jury. *Boddie v. ABC*, 731 F.2d 333, 339 (6th Cir.1984); *United States v. Carroll*, 337 F.Supp. 1260, 1261 (D.D.C.1971). The videotaped conversation consisted of a sales presentation in a private home. The evidence does not indicate whether or not the plaintiff intended his listeners to pass the message on to others, or whether his intention was reasonable under the circumstances. The setting of the meeting also raises unresolved factual questions. Although the meeting took place in a private home, it was not the plaintiff's home, but the home of a stranger. As this Court noted in an earlier ruling: "A person's reasonable expectation of privacy is a matter to be considered on a case-by-case basis, taking into considera-

tion its unique facts and circumstances." *Benford v. ABC*, 554 F.Supp. 145, 154 (D.Md.1982). Only a trial can reveal the entirety of circumstances necessary to resolve this issue.[6]

Accordingly, the plaintiff's motion for summary judgment is denied. A separate Order will be entered confirming the rulings herein.

---

5. The federal Act also employs the term "oral communication," but defines it as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation."

6. This ruling is entirely consistent with the Court's previous ruling on the defendants' motion for summary judgment. *Benford*, 554 F.Supp. 145, 154. The defendants bore the burden of proof on that motion. The earlier opinion explicitly stated that its conclusions of fact were for purposes of that motion only. *Id.*