Scott MALOUCHE, Plaintiff–Appellant,

v.

JH MANAGEMENT CO., INC., a
Georgia Corporation,
Defendant–Appellee,

and

Durban Haralson Companies, d/b/a
Carolina Inn; Richard Arsenault,
Defendants.

No. 87–2562.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 7, 1988.

Decided Feb. 22, 1988.

Richard Giles Whiting (Louthian & Whiting, Columbia, S.C. on brief), for plaintiff-appellant.

Henry Dargan McMaster (John Gregg McMaster, Tompkins, McMaster, Thomas, Columbia, S.C., Alexander E. Wilson, III, Alston & Bird, Atlanta, Ga., on brief) for defendant-appellee.

Before POWELL, Associate Justice (Retired); United States Supreme

Court, sitting by designation; ERVIN, Circuit Judge and BUTZNER, Senior Circuit Judge.

POWELL, Associate Justice:

The question presented is whether civil liability sought pursuant to 18 U.S.C. § 2520, for alleged unlawful wiretapping occurring prior to the 1986 amendment of 18 U.S.C. § 2511, requires proof of criminal "willfulness." We find that it does and affirm the district court's decision.

I

In February 1986, following his discharge in 1985 as food and beverage director at the Carolina Inn of Columbia, South Carolina, appellant, Scott Malouche, filed a complaint in the district court for the District of South Carolina, Columbia Division, against Durban Haralson Companies, Inc. and Richard Arsenault, the General Manager of the Inn. In April 1986 appellant filed an amended complaint, dropping Durban Haralson Companies, Inc. and Richard Arsenault from the suit and substituting J.H. Management Company, Inc. as defendant. J.H. Management Company, Inc. is a Georgia corporation that owns and operates the Carolina Inn, now known as the Radisson Hotel. A second amended complaint was filed in July 1986. In his final complaint appellant requested compensatory and punitive damages only against the J.H. Management Company, Inc. for alleged violations of Title III of the Omnibus Crime Control and Safe Street Act of 1968, 18 U.S.C. § 2510 *et seq.* and two pendent state-law claims. His asserted claims arose out of the alleged unlawful wiretapping of his telephone at the Carolina Inn by the appellee, J.H. Management Company, Inc.

A jury trial was held on March 16, 1987. Appellant's case consisted of his testimony and that of a former co-employee, Jeffrey Clark. At the conclusion of appellant's case, appellee's motion for a directed verdict was granted by the district court. Appellant appeals the court's decision, alleging that it erred in requiring him to show criminal willfulness in order to establish civil liability under Title 18 U.S.C. § 2520. He also argues that there was sufficient evidence of criminal willfulness to avoid a directed verdict.

II

█ Section 2520, with respect to civil liability under the Omnibus Crime Control and Safe Streets Act of 1968, provided:

Any person whose wire or oral communication is intercepted, disclosed, or used *in violation of this chapter* shall (1) have a civil cause of action * * * [for damages] (emphasis added).

At the time of the alleged misconduct by appellee, section 2511 of Title III provided for criminal liability:

[A]ny person who—

(a) *willfully* intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication.... (emphasis added).[1]

It should be noted that sections 2511 and 2520 are in the same chapter of the Act, i.e. Chapter 119, and that the only standard of liability for the interception and disclosure of wire or oral communications, i.e. "willfully intercepts," is that specified in section 2511. Therefore, section 2520 also required that an interception or attempt to intercept a wire communication be willful before it could be the basis of civil liability.

The Second Circuit, in a case where it was faced with the identical issue we address here, held that the word willfully in section 2511 was intended "to denote at least a voluntary, intentional violation of, and perhaps also a reckless disregard of, a known legal duty." *Citron v. Citron,* 722 F.2d 14, 16 (2d Cir.1983), *cert. denied,* 466 U.S. 973, 104 S.Ct. 2350, 80 L.Ed.2d 823 (1984). Support for this is found in *United States v. Murdock,* 290 U.S. 389, 394–95, 54

---

1. In 1986 Congress amended section 2511, effective 90 days after October 21, 1986, by, among other things, substituting the word "intentionally" wherever the word "willfully" had been used. We need not consider whether this amendment was intended to change the applicable standard because the alleged wiretap in this case occurred prior to the amendment.

S.Ct. 223, 225, 78 L.Ed. 381 (1933), where the Supreme Court explained that:

> The word [willfully] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely. The word is also employed to characterize a thing done without ground for believing it is lawful, or conduct marked by careless disregard whether or not one has the right so to act. (citations omitted).

Although it is true that the word willfully may be interpreted to have a different meaning when required by the statutory context in which it appears, as the Second Circuit concluded, "no special context is presented by the wiretapping statute." *Citron,* 722 F.2d at 16. It is significant that the Senate Report accompanying Title III of the Omnibus Crime Control and Safe Streets Act of 1968 cites to *United States v. Murdock* in discussing its requirement, with respect to subsections (c) and (d) of 2511(1), that a violation must be willful to be criminal. *See* S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968 U.S. Code Cong. & Ad.News 2112, 2181. This supports a traditional construction of the word. Thus, we agree with the Second Circuit and hold that the word "willfully," as used in section 2511, was intended to be given its traditional meaning when used in a criminal statute. In this case, as civil liability under section 2520 depends on a violation of the willfulness standard of section 2511, we also hold that appellant was required to establish an intentional or reckless disregard of its legal obligations by appellee. Neither the language of the statute nor its legislative history suggest that Congress intended different standards of willfulness to apply in the civil and criminal context. *Citron,* 722 F.2d at 16.[2]

### III

■ We next address whether, in light of the applicability of the definition discussed above, the district court acted properly in granting appellee's motion for a directed verdict. The standard of review with respect to a directed verdict is, "whether the evidence is such, without weighing the credibility of the witnesses, that there is only one conclusion that reasonable jurors could have reached." *Keller v. Prince George's County,* 827 F.2d 952, 955 (4th Cir.1987).

The district court noted that there was "very slight evidence, if any" to support the factual allegations as to the wiretapping of appellant's office telephone by defendant. (App. at 173). Nevertheless, the court did not rest its decision on this view of the evidence. Rather the court found, in effect, that even if appellant's telephone was wiretapped, there was no evidence that this was done willfully by appellee. Indeed, the record contains no evidence with respect to: (i) The circumstances under which the alleged device was obtained; (ii) who installed the device or why; (iii) whether appellee attempted to conceal the device; or (iv) whether appellee had knowledge that the device was being used to tap appellant's telephone *in violation of its legal duty.* We agree with the district court that based on the evidence in the record reasonable jurors could not conclude that appellee had acted willfully.

### IV

Although we agree with the reasoning and decision of the district court, we cannot say this appeal was frivolous. We therefore deny appellee's motion for sanctions.

### V

The decision of the district court granting appellee's motion for a directed verdict is—

**2.** We also agree with the Second Circuit's holding that the good faith defense referred to by Congress in the last sentence of section 2520 does not evidence an intention to depart from the traditional meaning of "willfully." It is logically read as an attempt to emphasize Congress' desire to assure that "authorized people such as law enforcement officers and others assisting them would not be held liable when they act in good faith." *Citron,* 722 F.2d at 16.

AFFIRMED.

*Motion for Sanctions Denied.*