**Cheryle Lee FARRONI,**
**Plaintiff–Appellant,**

v.

**Richard FARRONI and Judge Ross D. Avellone, Defendants–Appellees.**

No. 87–3884.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 11, 1988.

Decided Dec. 5, 1988.

Leo R. Ward (argued), Jose M. Gonzalez, Cleveland, Ohio, for Cheryle Lee Farroni.

John F. Norton (argued), Cleveland, Ohio, for Richard Farroni.

Judge Ross D. Avellone, Painesville, Ohio, pro se.

George W. Stuhldreher (argued), Gallagher, Sharp, Fulton & Norman, Cleveland, Ohio, for Judge Ross D. Avellone.

Before KENNEDY, MARTIN and NORRIS, Circuit Judges.

KENNEDY, Circuit Judge.

Appellant Cheryle Lee Farroni (Cheryle) appeals from a jury verdict in favor of defendant Richard Farroni (Richard) in an action for civil damages pursuant to the federal wire tapping statute, 18 U.S.C. § 2510 *et seq.*, Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (Title III). We affirm.

## I

It is uncontested that Richard secretly taped his wife Cheryle's telephone conversations with third parties between October 1984 and May 1985. Richard testified that he believed his actions were legal, and that some time after he began taping, he asked his attorney if he should continue. According to Richard, his lawyer "instructed [him] to get all the tapes [he] could." One of Richard's attorneys testified that he could not recall whether they had discussed taping. Richard's other attorney testified that he told Richard to "cool it on the tapes," but he could not recall whether Richard ever asked about the legality of taping his wife's calls.

Richard attempted to use the tapes in domestic relations court proceedings against Cheryle. On November 29, 1985, Judge Ross D. Avellone denied a motion in limine to exclude the tapes.

Plaintiff filed the instant action under Title III against Richard, one of his attorneys, and Judge Avellone. She sought monetary damages from her husband, and declaratory and injunctive relief against Judge Avellone and her husband's attorney. The claim against the attorney was settled before trial. Cheryle's complaint included a pendant state tort claim for intentional infliction of emotional distress against Richard. Following the filing of the action, Judge Avellone reversed his prior ruling and granted the motion in limine on June 18, 1987. Judge Avellone also recused himself in the Farroni matter.

The District Court dismissed the action against Judge Avellone on motion. The case against Richard was tried to a jury, which found against Richard on the state tort claim but for him on the Title III claim. The jury also answered special questions. When asked whether Richard "intentionally violated Cheryle Farroni's right to privacy," the jury answered "yes." But the jury answered "no" to questions asking whether Richard "willfully" intercepted, disclosed, or used Cheryle's telephone conversations. The District Court denied Cheryle's motion for a j.n.o.v., and she appealed.

## II

At the time appellant's calls were taped, 18 U.S.C. § 2511 made it a crime to "willfully intercept[ ] ... any wire or oral communication...."[1] Section 2520 provides for civil damages where a violation of section 2511 is shown. The statute contains several exceptions, but it is conceded none apply here. Since it is undisputed that Richard intentionally tapped and recorded Cheryle's telephone conversations, the sole issue is whether he acted "willfully."

Under section 2511 "the determination of the existence of the element of willfulness is a matter for the trier of fact." *Flynn v. Flynn*, 560 F.Supp. 922, 925 (N.D.Ohio 1983); *see also Asmar v. Detroit News, Inc.*, 836 F.2d 1347 (6th Cir.1988) (unpublished opinion) (under section 2511 "willfulness is a question for the jury"). The jury here found Richard did not act willfully; but appellant argues that in light of the undisputed evidence that Richard acted intentionally and without her consent, no reasonable jury could fail to find willfulness. This claim requires an examination of the definition of "willful" under Title III.

Two recent Circuit Court cases have discussed what constitutes "willful" action under the pre–1986 version of section 2511. Both held that "willful" denotes "at least a voluntary, intentional violation of, and perhaps also a reckless disregard of, a *known legal duty.*" *Malouche v. JH Management Co.*, 839 F.2d 1024, 1025 (4th Cir. 1988) (emphasis added); *Citron v. Citron*, 722 F.2d 14, 16 (2d Cir.1983), *cert. denied,*

---

**1.** Congress amended § 2511 in 1986, substituting "intentionally" for "willfully."

466 U.S. 973, 104 S.Ct. 2350, 80 L.Ed.2d 823 (1984). The Second Circuit's opinion in *Citron* is particularly relevant, because like the present case it arose out of interspousal wiretapping. In *Citron*, the defendant testified that she believed her actions were lawful, and that after recording a few calls she consulted her attorney, who allegedly advised her "not to worry." The jury found that although defendant had intentionally taped calls by her husband and children, she "neither knew she was violating the law nor acted in reckless disregard of whether or not her conduct was unlawful." *Id.* at 15. The Second Circuit held that the jury's special verdict established that defendant's conduct was not "willful" under section 2511.[2]

Similarly, the jury in the present case found that Richard's actions were not willful. Based on the evidence, we cannot say the jury reached a clearly unreasonable result, or a result contrary to the clear weight of the evidence. Like the defendant in *Citron*, Richard testified that he believed his actions were lawful, and that his attorney later (mistakenly) confirmed that belief. It was not unreasonable for the jury to credit this testimony, particularly in view of the attorney's lack of memory about the topic of taping. A reasonable jury could have found that Richard "neither knew [he] was violating the law nor acted in reckless disregard of whether or not [his] conduct was unlawful." *Citron,* 722 F.2d at 15.

Appellant does not argue that Richard's actions would be willful under the standard in *Citron;* but she asserts *Citron* was wrongly decided because it "misconstrues" the legislative history of section 2511.

The only direct evidence of what Congress meant by "willful" is the Senate Report's citation to *United States v. Murdock,* 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933). *See* S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in,* 1968 U.S.

Code Cong. & Admin.News 2112, 2181. *Murdock* held:

> [W]hen used in a criminal statute [willfully] generally means an act done with bad purpose; without justifiable excuse; stubbornly, obstinately, [or] perversely.... The word is also employed to characterize a thing done without ground for believing it lawful, or conduct marked by a careless disregard [of] whether or not one has the right so to act.

290 U.S. at 394–95, 54 S.Ct. at 225 (citations omitted). The Second Circuit concluded that the "citation to *Murdock* in the Senate Report ... makes it clear that congress employed the term "willfully" to denote at least a voluntary, intentional violation of, and perhaps also a reckless disregard of, a known legal duty." 722 F.2d at 16.

Appellant protests that *Murdock* arose under the tax laws, and that different contexts require different definitions of willfulness: "a strict one as to the tax laws, and a broad one to aid in enforcing the blanket prohibition of the statutes under Title III." But this amounts to little more than an argument that Congress was unwise in adopting the narrow *Murdock* standard; appellant has not demonstrated that *Citron* and *Malouche* misconstrued the legislative history.

The only Title III case cited by appellant in support of her contention that "willfully" should be read as equivalent to "intentionally" is *Kratz v. Kratz,* 477 F.Supp. 463, 479 (E.D. Pa.1979). But the *Kratz* court never decided the issue. After a long discussion of Title III, the court concluded: "We need not at this time, however, solve the mystery of the *Murdock* citation nor define 'willfully' as it is used in Title III." *Id.* at 479. Moreover, immediately after arguing that the only sensible meaning of "willfully" is "intentionally," the *Kratz* court conceded that "this definition may be precluded by the Senate Report's reference to *Murdock.*" *Id.*

---

2. *Flynn v. Flynn,* 560 F.Supp. 922 (N.D.Ohio 1983), is consistent with *Citron. Flynn* denied a motion for summary judgment in a § 2511 case —even though defendant admitted intentionally taping his wife's calls—because defendant's affidavit stating he thought his actions were legal created a genuine issue of fact as to willfulness.

 We conclude that the Second and Fourth Circuits correctly interpreted section 2511. For purposes of section 2511, a person acts "willfully" if he knowingly or recklessly disregards a known legal duty. The existence of willfulness is an issue of fact within the province of the jury. Here the jury found that Richard did not act willfully, and we cannot say that no reasonable juror could have so found. The District Court properly instructed the jury and properly refused to direct a verdict for plaintiff.

### III

Appellant's action against Judge Avellone is premised on a violation of section 2511 by Richard. Since we affirm the judgment in Richard's favor, no basis remains for the appeal of the dismissal of the claim against Judge Avellone. Accordingly, the judgment of the District Court is AFFIRMED.