OPINION
{¶ 1} Defendant-appellant, Lamon McIntosh, appeals his convictions in the Middletown Municipal Court for violations of the City of Middletown Codified Ordinances ("Middletown Code"). We affirm appellant's convictions.
 {¶ 2} On April 18, 2006, appellant was charged with three violations of the International Property Maintenance Code ("IPMC") of the Middletown Code section 1436 based on the conditions of three separate rental properties he owned. Before his trial, *Page 2 
appellant moved dismiss the charges against him, and the trial court denied his motion. After a bench trial, appellant was convicted on all counts. Appellant appeals his convictions, raising the following assignment of error:[1]
 {¶ 3} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANTS [sic] MOTION TO DISMISS."
 {¶ 4} First, appellant argues that he was not provided with sufficient notice of his right to appeal the violations of the IPMC. We disagree.
 {¶ 5} Appellant was charged with violating Middletown Code 1436.01 and 1436.09. Middletown Code 1436.01 provides, "[a]ll structures in violation of the International Property Maintenance Code, as adopted in [section] 1486.01, are hereby declared to be public nuisances and shall be abated as provided in the International Property Maintenance Code and this chapter."
 {¶ 6} Further, Middletown Code 1436.09 provides, in part, "[i]f the owner and/or occupant of a structure subject to abatement as a nuisance under [section] 1436.01 fails to comply with the notices and/or orders issued by the Chief Building Official in accordance with the IPMC, the City may * * * [p]rosecute the owner in accordance with the IPMC * * *."
 {¶ 7} Appellant argues that the notices of violations he received do not indicate his right to appeal the violations. According to the record, the notices served upon appellant, which bear appellant's signature, clearly indicate that appellant was charged with violations of Middletown Code Chapter 1436. Middletown Code 1436.02 provides, "[a]ny person adversely affected by a decision of the Chief Building Official under this chapter or the International Property Maintenance Code, as adopted in [section] *Page 3 
1486.01, may appeal to the Board of Building and Minimum Housing Standards and Appeals, as provided in Chapter 1460." Accordingly, we find that appellant had sufficient notice as to his right to appeal the violations.
 {¶ 8} Second, appellant argues that he was improperly served, because he was served notice of the violations by a city of Middletown police officer, rather than by the Middletown Chief Building Official. We disagree.
 {¶ 9} The IPMC Section 107.3, as adopted by Middletown Code 1486.01, provides that notice of a code violation is deemed to be proper if:
 {¶ 10} "1. Delivered personally;
 {¶ 11} "2. Sent by certified or first-class mail addressed to the last known address; or
 {¶ 12} "3. If the notice is returned showing that the letter was not delivered, a copy thereof shall be posted in a conspicuous place in or about the structure affected by such notice."
 {¶ 13} The record indicates that appellant was personally served with the notices of the code violations. Neither the IPMC, nor the Middletown Code requires that a notice of violation of the IPMC must be served by the Middletown Chief Building Official. Accordingly, we find that appellant was properly served with notice of the code violations. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Pursuant to appellant's reply brief, wherein he withdrew his first assignment of error argued in his original brief, we only consider appellant's second assignment of error. *Page 1