JOURNAL ENTRY AND OPINION
{¶ 1} Juvenile delinquent E.L. (appellant) appeals the court's committing him to the legal custody of the Ohio Department of Youth Services (DYS). After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On September 7, 2005, the court found appellant delinquent relating to a gross sexual imposition offense. On November 17, 2005, the court committed appellant to DYS, suspended his sentence, and placed him on probation. At a subsequent dispositional hearing on May 31, 2007, as part of his probation, the court placed appellant at Kokomo Academy, a residential treatment facility in Indiana. On October 17, 2007, appellant's probation officer filed a "motion for violation of court order," arguing that appellant failed to follow the rules at Kokomo, and the academy was asking for appellant's removal from the treatment center. On November 20, 2007, the court adjudicated appellant to be in violation of his probation order and committed him to DYS for a minimum of six months and a maximum to his 21st birthday.
 II {¶ 3} In appellant's first assignment of error, he argues that "the Cuyahoga County Juvenile Court erred when it conducted a probation violation hearing, found [E.]L. to be in violation of court order, and committed him to DYS in November and December 2007 because as of July 1, 2007, there existed no statutory authority to conduct such a hearing or make such an order." Specifically, appellant argues that *Page 3 
R.C. 2151.23, which gives juvenile courts jurisdiction over delinquent minors, was repealed as of July 1, 2007, and that the legislature intended the amendments to this statute to take effect on January 1, 2008. See Am. Sub. S.B. No. 10. According to appellant's assertions, R.C. 2151.23 did not exist for the six months between July 1, 2007 and January 1, 2008.
 {¶ 4} The state, on the other hand, argues that Am. Sub. S.B. No. 10 repeals the portions of R.C. 2151.23 that were in conflict with the amendments, "with everything taking effect at the same time." According to the state's assertions, "the legislature did not intend to leave the juvenile court system without jurisdiction for 6 months."
 {¶ 5} "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation. * * * However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at legislative intent." Cline v. Ohio Bur of Motor Vehicles (1991),61 Ohio St.3d 93, 96, 573 N.E.2d 77, 80. When ambiguity exists, "the court first looks to the language in the statute and the purpose to be accomplished." State v. S.R. (1992), 63 Ohio St.3d 590, 595. "Words used in a statute must be taken in their usual, normal or customary meaning. In construing a statute, it is the duty of the court to give effect to the words used and not to insert words not used." State ex rel. Casselsv. Dayton City School Dist Bd. of Edn. *Page 4 
(1994), 69 Ohio St.3d 217, 220 (internal citations omitted).
 {¶ 6} The pertinent parts of S.B. No. 10 are as follows:[1]
 "To amend section[ ] * * * 2151.23 * * * of the Revised Code to revise Ohio's Sex Offender Registration and Notification Law and conform it to recently enacted requirements of federal law * * *, [and] to increase the penalties for certain violations * * * when the victim of any of those offenses is less than 13 years of age and the offense was committed with a sexual motivation * * *.
 "SECTION 1. That section[ ] * * * 2151.23 * * * be amended * * * to read as follows: [The 135 pages of substantive details of sex offender law amendments have been omitted.]
 "SECTION 2. That existing section[ ] * * * 2151.23 * * * of the Revised Code [is] hereby repealed.
 "SECTION 3. The amendments to section[ ] * * * 2151.23 * * * of the Revised Code that are made by Sections 1 and 2 of this act * * * shall take effect on January 1, 2008 * * *. *Page 5 "SECTION 4. Sections 1 to 3 of this act shall take effect on uly 1, 2007."
 {¶ 7} See, also, State v. King, Miami App. No. 08-CA-02,2008-Ohio-2594 (holding that S.B. 10's purpose is "protection of the public from sex offenders"); State v. Desbiens, Montgomery App. No. 22489, 2008-Ohio-3375 (noting that in enacting S.B. 10, "the General Assembly merely adopted an alternative approach to the regulation and categorization of sex offenders"); State v. Longpre, Ross App. No. 08CA3017, 2008-Ohio-3832 (opining that S.B. 10 revamped the classification, notification, and reporting requirements of sexual offenders).
 {¶ 8} Given the background of S.B. 10, and the context within which it must be read, we cannot conclude that the legislature intended to leave a six-month vacancy between repealing over 70 sections of the Revised Code and enacting the replacement amendments. Therefore, we turn to the Ohio Supreme Court's decision in Prem v. Cox (1983), 2 Ohio St.3d 149,152, which quotes Canton v. Imperial Bowling Lanes (1968),16 Ohio St.2d 47, paragraph four of the syllabus: "The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result." *Page 6 
 {¶ 9} An example illustrates the absurd result of appellant's argument. According to appellant's logic, R.C. 2151.23 did not exist on November 20, 2007, when the court made a dispositional ruling in his delinquency case. R.C. 2151.23 gives the juvenile court jurisdiction over delinquency matters; therefore, according to appellant, the court was without authority to rule in his case. Likewise, appellant's logic also dictates that R.C. 2907.02 did not exist between July 1, 2007 and January 1, 2008. R.C. 2907.02 makes rape a criminal offense; therefore, according to appellant, rape would not be a crime during this six-month period.
 {¶ 10} The Third District Court of Appeals of Ohio recently addressed this issue in In the matter of Darian J. Smith, Allen App. No. 1-07-58,2008-Ohio-3234. The Smith court reached the same conclusion that we do in the instant case, albeit based on different reasoning. Smith stands for the proposition that while Section 4 makes S.B. 10 effective on July 1, 2007, "this does not change the effective dates contained in each individual section for the enactment and repeal of individual provisions." Therefore, the Smith court concludes, the repeal and amendments were effective on January 1, 2008. The Smith court reasons that S.B. 10 is clear as written, and the "plain statutory language must control."
 {¶ 11} We respectfully decline to adopt the Third District's reasoning and instead hold that Section 4 of S.B. 10 creates ambiguity regarding the effective dates of the old versus the new laws. In conclusion, to avoid an unreasonable result, we must rely on legislative intent and read S.B. 10 to mean that the "repealed" and *Page 7 
"amended" portions of the numerous statutes affected registration, notification, etc., of classified sex offenders. The legislation had no intention to repeal or amend the substantive elements of offenses such as rape or kidnapping, or the court's authority to oversee the criminal justice system. The juvenile court's jurisdiction over delinquent minors remained uninterrupted, and appellant's first assignment of error is overruled.
 III {¶ 12} In appellant's second assignment of error, he argues that "the juvenile court violated E.L.'s right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; Article I, Section Sixteen of the Ohio Constitution and Juv. R. 35(B), when it failed to follow the requirements of Juv. R. 35(B)." Specifically, appellant argues that the court failed to notify him of the specific terms of his probation in its May 31, 2007 order. Appellant additionally argues that, consequently, the court erred when it revoked his probation and found that he "committed very specific violations of a nonspecific court order."
 {¶ 13} Juv. R. 35(B) governs probation revocation for juvenile delinquents, and it reads: "The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv. R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, *Page 8 
pursuant to Juv. R. 34(C), been notified." The purpose behind Juv. R. 35 is "to give the minor notice as to why a previously suspended commitment is ordered [reinstated]." In re Royal (1999), 132 Ohio App.3d 496, 508.
 {¶ 14} In the instant case, on November 20, 2007, the court held a hearing at which appellant was present. During the hearing, appellant was notified that the grounds on which his probation revocation was proposed were based on him not cooperating with the rules and expectations at Kokomo. In detail, he "is currently on behavior level 0 of 5. He is non-compliant and ignores staff re-direction. [He] refused to follow classroom rules and disrupts [by] walking out without permission. [He] does not engage in group therapy and chooses to read his personal material instead of assigned material. Kokomo is asking for [his] removal, in direct defiance of said Court-order." The court found that these allegations were proven beyond a reasonable doubt. Additionally, appellant was represented by counsel at the proceeding.
 {¶ 15} Appellant further argues that the May 31, 2007 order which placed him at Kokomo "did not specify what behavior [he] was to exhibit" while at the treatment center. Appellant's original DYS sentence was suspended and it was agreed upon that he would participate in a treatment program in lieu of being committed to a detention center. Therefore, it is reasonable to believe that appellant's failure to be welcome at the treatment or rehabilitation facility could result in the reinstatement of his suspended sentence. See In re P.F., Lorain App. No. 07CA009099, 2007-Ohio- *Page 9 
4913 (noting that the delinquent's behavior at a residential treatment facility resulted in the court imposing his previously suspended commitment to DYS).
 {¶ 16} Appellant's second assignment of error is overruled.
 IV {¶ 17} In appellant's third and final assignment of error, he argues that his "admission to violation of court order was not knowing, voluntary, and intelligent, in violation of the Fifth, Sixth, andFourteenth Amendments to the United States Constitution, Sections 10 and16, Article I of the Ohio Constitution, and Juvenile Rule 29."
 {¶ 18} Juv. R. 29 governs how a court must accept an admission by a juvenile and is somewhat similar to Crim. R. 11's mandates on how a court must accept a guilty plea from an adult offender. However, Juv. R. 29 does not apply to juvenile probation revocation hearings. The Ninth District Court of Appeals of Ohio determined that "at a hearing for a probation violation Juv. R. 35(B) governs and does not impose a requirement upon the juvenile court to inform the juvenile that he or she is waiving certain rights." In re Motley (1996),110 Ohio App.3d 641, 642. This court agreed with Motley and ruled that "Juv. R. 29 standards for entering admissions do not apply to probation revocation proceedings under Juv. R. 35(B)." In re Bennett (June 12, 1997), Cuyahoga App. No. 71121.
 {¶ 19} Currently, this issue is pending before the Ohio Supreme Court, which granted a discretionary appeal and accepted a certified conflict. See, e.g., In re *Page 10 L.A.B., 114 Ohio St.3d 1478, 2007-Ohio-3699.
 {¶ 20} Nonetheless, as the instant case concerns a probation revocation hearing, we follow Motley and Bennett, supra, and hold that our analysis of Juv. R. 35 in appellant's second assignment of error applies to this probation revocation hearing. Accordingly, appellant's third and final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] S.B. 10 applies to more than 70 criminal statutes found within the Ohio Revised Code, such as R.C. 2907.02, which governs rape offenses, and R.C. 2905.01, which governs kidnapping offenses, in addition to R.C. 2151.23, the statute that is the subject of this appeal. For ease of analysis, in this opinion we cite to S.B. 10 only as it applies to R.C. 2151.23. *Page 1