OPINION
{¶ 1} Appellant, S.R.P., appeals the decision of the Preble County Court of Common Pleas, Juvenile Division, classifying him as a Tier III Sex Offender under Senate Bill 10, also known as the Adam Walsh Act. This appeal challenges the juvenile court's decision to classify him as a Tier III Sex Offender and the constitutionality of Senate Bill 10.
 {¶ 2} On February 28, 2005, appellant, then 16 years old, was charged with raping a *Page 2 
nine-year-old child in violation of R.C. 2907.02(A), a first-degree felony. Appellant entered a plea of admit to rape and was adjudicated a delinquent child. On July 6, 2006, following a juvenile sex offender classification hearing and based upon appellant's psychological evaluation, the juvenile court committed appellant to the Ohio Department of Youth Services ("DYS") for a minimum of one year to a maximum period not to exceed his 21st birthday, and adjudicated him a juvenile sexually oriented offender registrant under the then-existing version of R.C. Chapter 2950. Appellant was required to register once a year for ten years.
 {¶ 3} On October 22, 2007, the juvenile court held a hearing to review both appellant's sex offender classification and the recommendation that appellant be released from the custody of DYS. During the hearing, the juvenile court adopted the recommendation that appellant be released from DYS and reaffirmed its prior findings and order that appellant register as a juvenile sexual offender registrant. The juvenile court also advised appellant that effective January 1, 2008, he would be classified as a Tier III Sex Offender under Senate Bill 10, and summarized appellant's future registration requirements under that legislation. By entry filed on October 26, 2007, the juvenile court released appellant from DYS, ordered appellant to register as a juvenile sexual offender registrant, and ordered that his "obligations to register as a Tier III offender as prescribed by Senate Bill 10 and as discussed on the record * * * are affirmed."
 {¶ 4} Appellant now appeals the juvenile court's decision classifying him as a Tier III Sex Offender, raising seven assignments of error.[1]
Because appellant's second, and fourth through seventh assignments of error challenge the constitutionality of Senate Bill 10, they will be addressed together. *Page 3 
 {¶ 5} Assignment of Error No. 3:
 {¶ 6} "THE PREBLE COUNTY JUVENILE COURT ERRED WHEN IT CLASSIFIED S.R.P. AS A TIER III JUVENILE SEXUAL OFFENDER REGISTRANT BECAUSE AS OF JULY 1, 2007, THERE EXISTED NO STATUTORY AUTHORITY TO CONDUCT A JUVENILE SEX OFFENDER CLASSIFICATION HEARING."
 {¶ 7} Appellant argues that the juvenile court did not have statutory authority to conduct a juvenile sex offender classification hearing or to classify him as a Tier III Sex Offender after July 1, 2007, because there was no sex offender statute in effect at that time as Senate Bill 10 had repealed the old version of the sex offender statutes before enacting the new versions. Specifically, appellant asserts that the former versions of R.C. 2950.04, 2950.041, 2950.05, and 2950.06, which permitted his classification as a juvenile sex offender, were repealed by Senate Bill 10, effective July, 1, 2007, but that the amendments thereto were not effective until January 1, 2008. Thus, according to appellant's argument, these statutory provisions did not exist for the six months between July 1, 2007 and January 1, 2008.[2]
 {¶ 8} Section 2 of Senate Bill 10 provides, in relevant part, that "existing sections * * * 2950.04, 2950.041, 2950.05, 2950.06 * * * of the Revised Code are hereby repealed." Section 3 provides that "amendments to sections * * * 2950.04, 2950.041, 2950.05, 2950.06 * * * of the Revised Code that are made by Sections 1 and 2 of this act * * * shall take effect on January 1, 2008." Finally, Section 4 provides that "Sections 1 to 3 of this act shall take effect on July 1, 2007."
 {¶ 9} Appellant's argument was rejected by three appellate district courts, albeit on *Page 4 
different grounds. In In re Smith, Allen App. No. 1-07-58,2008-Ohio-3234, the Third Appellate District held that "although Section 4 makes Sections 1-3 effective on July 1, 2007, this does not change the effective dates contained in each individual section for the enactment and repeal of individual provisions.
 {¶ 10} "Therefore, all of the Ohio Revised Code portions repealed in Section 2 were repealed effective January 1, 2008, the same date that the new laws, as articulated in Section 1, became effective. The plain statutory language must control." Id. at ¶ 22-23.
 {¶ 11} In In re Marcio, Licking App. No. 2007 CA 00149,2008-Ohio-4523, the Fifth Appellate District first rejected appellant's argument on the basis of In re Smith. Id. at ¶ 7-8. It then held that "[e]ven without the legislature expressly setting forth the repeal and effective dates, we, nonetheless, find Appellant's arguments to be without merit. Appellate courts in this State have consistently found the repealing clause of a statute does not take effect until the other provisions of the repealing act come into operation. (Internal citations omitted.)
 {¶ 12} "`Where an act of the General Assembly amends an existing section of the Revised Code * * * postpones the effective date of the amended section for [a time] after the effective date of the act, and repeals the "existing" section in a standard form of repealing clause used for many years by the General Assembly for the purpose of complying with Section 15(D) of Article II of the Constitution of Ohio, the constitutionally mandated repealing clause must be construed to take effect upon the effective date of the amended section in order to prevent a hiatus in statutory law, during which neither the repealed section nor the amended section is in effect.'" Id. at ¶ 9-10, quotingCox v. Ohio Dept. of Transportation (1981), 67 Ohio St.2d 501, 508. Based on the foregoing, the Fifth Appellate District held that the juvenile court had the statutory authority to conduct the juvenile sex offender classification hearing. See, also, In re Carr, Licking App. No. 08 CA 19, 2008-Ohio-5689.
 {¶ 13} In In re E.L., Cuyahoga App. No. 90848, 2008-Ohio-5094, the Eighth Appellate *Page 5 
District rejected appellant's argument as follows: "Given the background of S.B. 10, and the context within which it must be read, we cannot conclude that the legislature intended to leave a six-month vacancy between repealing over 70 sections of the Revised Code and enacting the replacement amendments. Therefore, we turn to the Ohio Supreme Court's decision in Prem v. Cox (1983), 2 Ohio St.3d 149, 152, which quotesCanton v. Imperial Bowling Lanes (1968), 16 Ohio St.2d 47, paragraph four of the syllabus: `The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result.'
 {¶ 14} "An example illustrates the absurd result of appellant's argument. According to appellant's logic, R.C. 2151.23 did not exist on November 20, 2007, when the court made a dispositional ruling in his delinquency case. R.C. 2151.23 gives the juvenile court jurisdiction over delinquency matters; therefore, according to appellant, the court was without authority to rule in his case. Likewise, appellant's logic also dictates that R.C. 2907.02 did not exist between July 1, 2007 and January 1, 2008. R.C. 2907.02 makes rape a criminal offense; therefore, according to appellant, rape would not be a crime during this six month period." In re E.L., 2008-Ohio-5094, ¶ 8-9.
 {¶ 15} Subsequently, after discussing the reasoning in In reSmith, the Eighth Appellate District "respectfully decline[d] to adopt the Third District's reasoning and instead hold that Section 4 of S.B. 10 creates ambiguity regarding the effective dates of the old versus the new laws. In conclusion, to avoid an unreasonable result, we must rely on legislative intent and read S.B. 10 to mean that the `repealed' and `amended' portions of the numerous statutes affected registration, notification, etc., of classified sex offenders. The legislation had no intention to repeal or amend the substantive elements of offenses such as rape or kidnapping, or the court's authority to oversee the criminal justice system. The juvenile court's jurisdiction *Page 6 
over delinquent minors remained uninterrupted." In re E.L. at ¶ 11.
 {¶ 16} Notwithstanding appellant's argument to the contrary, we agree with the Eighth Appellate District that Section 4 creates ambiguity regarding the effective date of the numerous sections of the Revised Code repealed or amended by Senate Bill 10, and likewise respectfully decline to adopt the Third Appellate District's reasoning in In reSmith. Section 5 of Senate Bill 10 states in relevant part that:
 {¶ 17} "This act is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health, and safety. The reason for such necessity is that the changes to the state's Sex Offender Registration and Notification Law made by this act are crucially needed to provide increased protection and security for the state's residents from persons who have been convicted of, or found to be delinquent children for committing a sexually oriented offense or a child-victim oriented offense and to conform that Law by July 1, 2007, to recently enacted requirements of federal law."
 {¶ 18} Given the strong language in Section 5 and the background of Senate Bill 10, we too cannot conclude that in enacting Senate Bill 10, the legislature intended to leave a six-month hiatus or gap between July 1, 2007 and January 1, 2008 for the numerous sections of the Revised Code affected by Senate Bill 10. If the legislature had so intended, it could have explicitly so provided. Therefore, in light of In reE.L. and the supreme court's 1981 decision in Cox, we find that the juvenile court had statutory authority between July 1, 2007 and January 1, 2008 to conduct the juvenile sex offender classification hearing and to classify appellant as a Tier III Sex Offender. Appellant's third assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO S.R.P., AS THE APPLICATION OF SENATE BILL 10 TO S.R.P. VIOLATES HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE *Page 7 
UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 21} Assignment of Error No. 4:
 {¶ 22} "THE RETROACTIVE APPLICATION OF SENATE BILL 10 VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION. SECTION 10, ARTICLE I OF THE UNITED STATES CONSTITUTION AND SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION."
 {¶ 23} Assignment of Error No. 5:
 {¶ 24} "THE RETROACTIVE APPLICATION OF SENATE BILL 10 VIOLATES THE SEPARATION OF POWERS DOCTRINE THAT IS INHERENT IN OHIO'S CONSTITUTION."
 {¶ 25} Assignment of Error No. 6:
 {¶ 26} "THE APPLICATION OF SENATE BILL 10 VIOLATES THE UNITED STATE'S [SIC] CONSTITUTION'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENTS.EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 27} Assignment of Error No. 7:
 {¶ 28} "THE RETROACTIVE APPLICATION OF SENATE BILL 10 VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION.FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION; SECTION 10, ARTICLE I
OF THE OHIO CONSTITUTION."
 {¶ 29} In the foregoing five assignments of error, appellant argues that the application of Senate Bill 10 violates (1) his due process rights; (2) the Ex Post Facto Clause of the United States Constitution and the Ohio's Constitution's prohibition on retroactive laws; (3) the separation of powers doctrine; (4) the prohibition against cruel and unusual punishment; and (5) the Double Jeopardy Clause of the United States Constitution. The record indicates that *Page 8 
appellant never raised his constitutional arguments in the juvenile court. Failure to raise at the trial court level the constitutionality of a statute or its application constitutes a waiver and therefore need not be heard for the first time on appeal. State v. Awan (1986),22 Ohio St.3d 120, syllabus; State v. Williams, Warren App. No. CA2008-02-029,2008-Ohio-6195, ¶ 6; In re A.R., Warren App. No. CA2008-03-036,2008-Ohio-6566, ¶ 32. Nonetheless, we choose to address appellant's constitutional arguments on appeal under a plain-error analysis.Williams at ¶ 7; In re A.R. at ¶ 32.
 {¶ 30} Appellant argues that Senate Bill 10 violates the Ex Post Facto Clause, the Ohio's Constitution's prohibition on retroactive laws, the separation of powers doctrine, the prohibition against cruel and unusual punishment, and the Double Jeopardy Clause. These arguments were rejected in our recent decision in Williams in which we found that Senate Bill 10 does not violate the Ex Post Facto Clause, the Ohio's Constitution's prohibition on retroactive laws, the separation of powers doctrine, the prohibition against cruel and unusual punishment, or the Double Jeopardy Clause. Williams at ¶ 36, 75, 102, 106, and 111. See, also, In re A.R. at ¶ 34; In re G.E.S., Summit App. No. 24079,2008-Ohio-4076; In re Smith, 2008-Ohio-3234. Appellant's fourth, fifth, sixth, and seventh assignments of error are accordingly overruled.
 {¶ 31} Appellant also argues that Senate Bill 10 violates his due process rights because it is criminal in nature and punitive in effect; imposes burdens that operate as affirmative disabilities and restraints; is analogous to colonial and/or shaming punishments; furthers the traditional aims of punishment: retribution and deterrence; and treats juvenile and adult sex offenders alike.[3] Again, four of these arguments were rejected in Williams in which *Page 9 
we found that Senate Bill 10 is not criminal in nature or punitive in effect; does not impose affirmative disabilities or restraints; is not analogous to colonial and/or shaming punishments; and does not further the traditional aims of punishment. Williams, 2008-Ohio-6195, ¶ 49, 60, 66, 72, and 74.
 {¶ 32} As to the argument that Senate Bill 10 violates due process rights because it treats juvenile and adult sex offenders alike, we disagree. While it is apparent the legislature views juvenile sex offenders as an equal threat society needs to be protected against, "the provisions of Ohio's sexual offender registration statutes contain different provisions for juveniles than adult offenders." In reGant, Allen App. No. 1-08-11, 2008-Ohio-5198, ¶ 25, 27. "[R]eview policies provided for juveniles * * * are not available for adult sexual offenders." Id. at ¶ 26. Further, delinquent children have many opportunities for reclassification, whether by being reassessed upon completion of their disposition, or by petitioning the court for a hearing to reassess their classification after the passage of a designated time. See R.C. 2152.85. Delinquent children have the opportunity to be re-evaluated, prove their rehabilitation to the court, and have their sexual offender label lowered or removed. In re Gant
at ¶ 26. See, also, In re G.E.S., 2008-Ohio-4076, ¶ 26, 37, and 59 (finding that unlike in cases involving adult sex offenders, a trial court has full discretion to determine the classification of a delinquent child under Senate Bill 10; delinquent children have multiple opportunities to challenge their classifications; and when classified as Tier III Sex Offenders, delinquent children are not similarly situated to adult sex offenders).
 {¶ 33} Appellant's second assignment of error is accordingly overruled.
 {¶ 34} Assignment of Error No. 8:
 {¶ 35} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT S.R.P.'S CLASSIFICATION AS A TIER III JUVENILE SEX OFFENDER REGISTRANT WAS MANDATORY, IN VIOLATION OF R.C. 2950.01(E)-(G)." *Page 10 
 {¶ 36} Appellant argues that while the classification of adult sex offenders is solely offense-based under Senate Bill 10, the same is not true for juvenile sex offenders as illustrated by R.C. 2950.01(E)(3), (F)(3), and (G)(3) under Senate Bill 10, and In re G.E.S.,2008-Ohio-4076. Appellant asserts that juvenile courts have full discretion to determine whether to classify a delinquent child as a Tier I, Tier II, or Tier III Sex Offender under Senate Bill 10, and that the juvenile court's failure to use its discretion in classifying him as a Tier III Sex Offender under Senate Bill 10 was in error.
 {¶ 37} At the outset, we note that the parties disagree as to whether the juvenile court classified appellant as a Tier III Sex Offender. Appellant argues that he was so classified, whereas the state argues appellant was simply advised as to "what would conceivably happen as of January 1, 2008, based upon his adjudicated offense and the effective date of [Senate Bill 10]," and that as a result, his challenge is premature.
 {¶ 38} It is well-established that a trial court speaks through its journal rather than by oral pronouncement. See In re R.P., Summit App. No. 23967, 2008-Ohio-2673. Upon reviewing the juvenile court's October 26, 2007 entry, we agree with appellant that the juvenile court classified him as a Tier III Sex Offender under Senate Bill 10. Notwithstanding seemingly conflicting language earlier in the entry[4], we construe the following language as classifying appellant as a Tier III Sex Offender under Senate Bill 10:
 {¶ 39} "IT IS THE FURTHER ORDER OF THE COURT that the child/adult *Page 11 
respondent's obligations to register as a juvenile sexual offender registrant, as outlined in dispositional hearing held in July 2006 and reiterated this day, are hereby affirmed. IT IS THE FURTHER ORDER OF THECOURT that the child/adult respondent's obligations to register as aTier III offender as prescribed by Senate Bill 10 and as discussed onthe record with the child/adult respondent today are affirmed. * * *
 {¶ 40} "IT IS THE FURTHER ORDER OF THE COURT that the child/adult respondent is hereby advised of the right to appeal the reclassificationregistration requirements imposed by Senate Bill 10 and ordered by thisCourt, as the Court specifically finds same to constitute a final appealable order, and that the child/adult respondent shall file said notice of appeal within 30 days accordingly." (Emphasis added.)
 {¶ 41} Because the juvenile court classified appellant as a Tier III Sex Offender under Senate Bill 10, it follows that his challenge regarding the juvenile court's failure to use its discretion is not premature (nor is his constitutional challenge to Senate Bill 10). We now turn to appellant's argument.
 {¶ 42} R.C. 2950.01(E)(3) defines a "Tier I sex offender/child-victim offender" as a "sex offender who is adjudicated a delinquent child for committing or has been adjudicated a delinquent child for committing any sexually oriented offense and who a juvenile court, pursuant to [R.C] 2152.82, 2152.83, 2152.84, or 2152.85, classifies a tier I sex offender/child-victim offender relative to the offense." R.C. 2950.01(F)(3) and (G)(3), in turn, contain identical language with the exception of substituting the terms "Tier II sex offender/child-victim offender" and "Tier III sex offender/child-victim offender" for the references to "Tier I sex offender/child-victim offender."
 {¶ 43} In In re G.E.S., 2008-Ohio-4076, upon reviewing the foregoing statutory provisions, the Ninth Appellate District held that Senate Bill 10 "vests a juvenile court with full discretion to determine whether to classify a delinquent child as a Tier I, Tier II, or Tier III *Page 12 
offender. * * * The adult provisions define [Senate Bill 10's] Tier levels solely by offense, such that the commission of one of the listed offenses results in a mandatory imposition of the applicable Tier level for that offense. Thus, our reading of [Senate Bill 10] convinces us that the legislature intended to give juvenile courts the discretion to determine which Tier level to assign to a delinquent child, regardless of the sexually oriented offense that the child committed. [Senate Bill 10] does not forbid a juvenile court from taking into consideration multiple factors, including a reduced likelihood of recidivism, when classifying a delinquent child." Id. at ¶ 37. See, also, id. at ¶ 40, 42, 45.
 {¶ 44} In In re A.R., 2008-Ohio-6566, we adopted the finding in In reG.E.S. that Senate Bill 10 grants a juvenile court full discretion in classifying a delinquent child under Senate Bill 10; found that the juvenile court in that case "erred when it determined that it was required to classify appellant as a Tier III Sex Offender based solely on his prior adjudication for rape;" and rejected the argument that Senate Bill 10 violates a juvenile delinquent's due process rights because it removed a juvenile court's discretion to determine a juvenile sex offender classification on a case-by-case basis. In re A.R.
at ¶ 36-37.
 {¶ 45} In light of our decision in In re A.R., we find that the juvenile court was not required to classify appellant as a Tier III Sex Offender under Senate Bill 10 based solely on his prior adjudication for rape. Thus, the juvenile court erred when it failed to use its discretion in classifying appellant under Senate Bill 10. Accordingly, we reverse the juvenile court's decision classifying appellant as a Tier III Sex Offender and remand the matter for the juvenile court to conduct a new juvenile sex offender classification hearing and to use its full discretion when classifying appellant under Senate Bill 10 and in accordance with the laws of this state. Appellant's eighth assignment of error is well-taken and sustained.
 {¶ 46} We further reject appellant's argument that Senate Bill 10 violates his due process rights because it removed the juvenile court's discretion to determine a juvenile sex *Page 13 
offender classification on a case-by-case basis. Appellant's second assignment of error in that regard is accordingly overruled.
 {¶ 47} Judgment affirmed in part, reversed in part, and remanded.
WALSH, P.J., and BRESSLER, J., concur.
[1] Pursuant to appellant's reply brief, wherein he withdrew his first assignment of error argued in his original appellate brief, we only consider appellant's second through eighth assignments of error. SeeMiddletown v. McIntosh, Butler App. No. CA2006-06-147,2007-Ohio-1892.
[2] Senate Bill 10 applies to more than 70 criminal statutes found within the Ohio Revised Code, including R.C. 2907.02, which governs rape offenses, the offense appellant was charged with. Thus, according to appellant's argument, R.C. 2907.02 likewise did not exist for the six months between July 1, 2007 and January 1, 2008.
[3] Appellant also argues that Senate Bill 10 violates his due process rights because it removed a juvenile court's discretion to determine a juvenile sex offender classification on a case-by-case basis. This argument will be addressed under appellant's eighth assignment of error.
[4] The following language appears to simply advise appellant with regard to his obligations under Senate Bill 10, beginning on January 1, 2008: "The Court further proceeded to re-advise the child/adult respondent concerning his obligations to register as a sexual offender registrant under the Court's prior dispositional order issued in July 2006 * * *, and further informed the child/adult respondent of the new changes to his registration requirement effective January 1, 2008, as designated by Senate Bill 10. * * * The Court specifically advised the child/adult respondent that his adjudication on the offense of rape will require him to register as a Tier III offender with lifetime registration, every 90 days. The Court did read to the child/adult respondent the requisite forms (applicable under the law in July 2006 as when he was originally dispositioned and the new law effective January 1, 2008), and did have the child/adult respondent execute the same and affirm his understanding. The Court further informed the child/adult respondent that failure to register * * * would constitute a new felony criminal offense subject to prosecution, outlining the penalties therefore." *Page 1